ROY WHITE, A Minor, by his Next Friend, v. THE UNITED RAILWAYS COMPANY, Appellant.

Division One, May 31, 1913.

1. **NEGLIGENCE: Contributory: Not Pleaded: Mere Tendency in Plaintiff's Evidence to Show Such Negligence does not Make it Question for Jury.** The fact that plaintiff's evidence merely tends to prove contributory negligence does not, in the absence of such plea, authorize the submission of that issue to the jury.

2. **——: ——: ——: Submission to Jury When Invited by Plaintiff Not Error.** Plaintiff's petition alleged that he was injured because of the negligent application of the air brake while he stood upon the step of a moving street car, preparatory to alighting when it should stop. Defendant denied generally and pleaded, further, that plaintiff was injured, if at all, because he attempted to alight from the car while it was in motion. There was no plea of contributory negligence, nor was there any evidence thereof except that plaintiff took his place upon the step while the car was moving rapidly nearly two hundred feet from the point where he expected to alight and before the speed had been slackened. An instruction was asked and given for plaintiff which directed a verdict for him if the jury found he was injured as alleged and if they further found that meanwhile he was exercising ordinary care for his own safety. Defendant then asked and was allowed an instruction, that, if the jury believed plaintiff's so placing himself near the edge of the platform and on the step of the car caused, or contributed to cause, his injuries, they must find for defendant. Verdict was for defendant, but a new trial was granted upon the ground that the court erred in giving for defendant the instruction submitting the question of plaintiff's contributory negligence. Defendant appeals from the order granting a new trial. *Held*, that the order granting a new trial must be reversed, since

the plaintiff by his instruction invited the submisson of the question of his contributory negligence.

3. ——: ——: Instructions: Omission of Word "Directly." Nor is defendant's instruction on contributory negligence erroneous, in the circumstances of this case, because the word "directly" is omitted from the phrase "contributed to cause his injuries."

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock,* Judge.

REVERSED AND REMANDED (*with directions*).

*Boyle & Priest, Morton Jourdan* and *T. E. Francis* for appellant.

(1) Even though defendant's instruction 6 was not within the issues tendered by the answer, nevertheless the facts upon which it was predicated having been developed in plaintiff's own evidence, it was proper to give it. Sissel v. Railroad, 214 Mo. 526; Pim v. Transit Co., 108 Mo. App. 716; Hill v. Drug Co., 140 Mo. 438; Fire Brick Co. v. Railroad, 21 Mo. App. 656; Chaney v. Railroad, 176 Mo. 598; Allen v. Transit Co., 183 Mo. 424; Hudson v. Railroad, 101 Mo. 30; Benjamin v. Railroad, 245 Mo. 598. (2) Plaintiff's instruction 1 having required, as a condition precedent to the return of a verdict for him, a finding that "prior to the time of said alleged injury to plaintiff he was exercising ordinary care for his own safety," it was proper to give defendant's instruction 6, since it merely undertook to specifically define the acts of contributory negligence that plaintiff must be found to have been free from, which were submitted in a general way by plaintiff's said instruction. Hill v. Drug Co., 140 Mo. 438; Heffernan v. Ragsdale, 199 Mo. 382.

*Watts, Gentry & Lee* for respondent.

(1) The action of the trial court in granting a new trial for error in giving instruction 6 should be af-

firmed, because the instruction was wrong in submitting to the jury a ground of contributory negligence which was not set forth in defendant's specific plea of contributory negligence. The only contributory negligence charged against the plaintiff in the answer was negligence in alighting or attempting to alight from the street car while it was in motion. The ground of contributory negligence submitted in instruction 6 was standing dangerously near the edge of the platform. Defendant was bound by its specification of grounds of contributory negligence, and it was error for the instruction to include another ground not pleaded by defendant. Curtis v. McNair, 173 Mo. 292; Storage & Moving Co. v. Transit Co., 120 Mo. App. 410; Lange v. Railroad, 208 Mo. 478; Railroad v. Stable Co., 119 Ala. 615; Railroad v. Ray, 96 S. W. 74; Edwards v. Campbell, 33 S. W. 761; Railroad v. Harvey, 27 S. W. 423; Thompson on Negligence, sec. 466; Railroad v. Morton, 10 C. C. A. 92, 61 Fed. 814; Railroad v. Jamison, 12 Tex. Civ. App. 689; Railroad v. Scanlan, 168 Ill. 34. It is necessary for the contributory negligence of plaintiff to be specified, else it may be stricken out or ordered made more definite and certain. Harrison v. Railroad, 74 Mo. 364. When specially pleaded, acts thus set out are all that can be proved, for a special charge limits a general one. Chittey v. Railroad, 148 Mo. 64; Haley v. Railroad, 197 Mo. 22; Yawl v. Gilliam, 187 Mo. 393; Taylor v. Railroad, 185 Mo. 253. The general rule is that a pleader is limited to proof of the specific allegations made. Gurley v. Railroad, 93 Mo. 445; Waldhier v. Railroad, 71 Mo. 514; Bohn v. Railroad, 106 Mo. 433; Hite v. Railroad, 130 Mo. 132. No reason is perceived why this rule should not bind defendants as well as plaintiffs. (2) The action of the trial court in granting a new trial for error in giving instruction 6 at defendant's request was right, because that instruction was fatally defective in permitting the defendant to recover on account of plaintiff's supposed contributory negli-

gence even though such contributory negligence may not directly or proximately have contributed to cause his injury. The wording of it permits plaintiff to be defeated on the ground of contributory negligence if his act caused or contributed to cause his injury. This is not the law. Even if plaintiff is guilty of an act which is admittedly a negligent act, that does not defeat his recovery, unless it directly or proximately contributes to cause his injury. Morrissey v. Ferry Co., 43 Mo. 380; Meyer v. Railroad, 43 Mo. 523; Moore v. Transit Co., 126 Mo. 265; Oates v. Railroad, 168 Mo. 535; Spencer v. Transit Co., 111 Mo. App. 653; Payne v. Railroad, 129 Mo. 405; Meyer v. Railroad, 40 Mo. 151; Meyers v. Railroad, 59 Mo. 230; Coney Island Co. v. Dennan, 149 Fed. 687; 7 Am. & Eng. Ency. Law (2 Ed.), p. 380; Railroad v. Kraft, 80 S. W. 408; White's Supp. to Thompson's Commentaries on the Law of Negligence, sec. 216; Thompson v. Duncan, 76 Ala. 334; Schweinfurth v. Railroad, 60 Ohio St. 215; Holmes v. Transit Co., 10 O. Cir. Dec. 638; Nelson v. Railroad, 68 S. C. 465; Merrill v. Sheffield, 169 Alt. 242. (3) The action of the trial court in granting a new trial for error in giving instruction 6 was right because there was no evidence upon which to base that instruction. According to plaintiff's evidence, the sole cause of his injury was the extraordinary jerk of the car, caused by the improper application of the air brake. According to defendant's evidence, there was no such application of the air brake and no jerk whatever, and defendant's evidence was to the effect that plaintiff voluntarily stepped off and was injured by so doing and not by reason of standing on the platform or step. Therefore, there was absolutely no evidence in the case tending to show that the plaintiff's injury resulted from standing with one foot on the platform and the other foot on the step. Parks v. Railroad, 178 Mo. 108; Willmott v. Railroad, 106 Mo. 535; Paquin v. Railroad, 90 Mo. App. 118.

BLAIR, C.—This is an appeal from an order of the circuit court of St. Louis City granting a new trial after verdict for defendant in an action for damages for injuries alleged to have been the result of plaintiff's having been thrown from one of defendant's cars by the sudden application of the air brake. The answer consisted of a general denial coupled with a plea that "whatever injuries, if any, plaintiff sustained, were caused by his own carelessness and negligence in alighting or attempting to alight from the street car while it was in motion."

Plaintiff was fifteen years and five months old when injured and had lived in St. Louis a little over six years. He testifies that during this time he had ridden upon street cars a great deal, was accustomed to riding on them and had been for over a year making six trips daily over the line upon which he was injured. At the time he was injured he lived at 4051 Shenandoah avenue, which is in the block between Lawrence and Thurman avenues, and at the latter westbound cars turn south. Plaintiff boarded the car at the Union Station, where he worked, about 9 p. m., and rode on the front platform until he reached a point nearly opposite his home when he nodded to the motorman to indicate he wished to alight at the corner. He then took a position with both feet upon the step or one foot upon the front platform and one upon the step, facing inward and southward, with his right hand grasping the handhold in front of him and with his left hand grasping the handhold upon the front of the body of the car. At this juncture the car was on Shenandoah avenue nearly two hundred feet from the entrance to the curve into Thurman avenue and was moving at its usual speed, eight to twelve miles an hour, according to plaintiff. Plaintiff says that he saw the motorman apply the brake, heard the hiss of the air and then, he says "I got a jolt—the hardest jolt I ever got while I have been riding on the cars, and my right handhold broke, and I

swung around and hit the car, and I went under the wheels. That is all I remember until they picked me up." He testifies he was standing as above stated at the time the brake was put on and was making no attempt to step or jump from the car.

On cross-examination plaintiff testified he didn't known whether he was thrown backward or forward; that to the best of his knowledge the grasp of his right hand upon the front handhold was first broken and then he tried to hold with his left hand but could not do so. When he was picked up he was lying at a point about one hundred and twenty feet east of the entrance to the curve into Thurman avenue and about one hundred and sixty feet east of the east building line of that avenue and about forty feet west of his home.

Plaintiff is uncorroborated as to the jerk or lurch he says the car gave and both his witnesses and defendant's say they neither saw nor heard anything of the kind. The motorman testified he saw plaintiff take the position usually assumed by persons about to alight from a moving car and then step off upon the ground and both he and the conductor deny that the air brake was applied in the manner testified to by plaintiff and deny there was any jerk or jolt of the car.

The trial court granted the new trial on the ground that it had erred in giving, at defendant's request, the following instruction:

"The court instructs the jury that if they believe from the evidence that a reasonably prudent boy of plaintiff's age and capacity for understanding and appreciating danger would not have placed himself near the edge of the car under the circumstances, and that plaintiff's act in so placing himself near the edge of said platform and on the step caused, or contributed to cause, his injuries, if any, then your verdict must be for the defendant."

Defendant contends (1) that the instruction is not erroneous and (2) that if erroneous the error was invited by plaintiff.

I. It is not contended plaintiff's testimony establishes as a matter of law his contributory negligence, but merely that its tendency to show such negligence is sufficient to justify a finding thereof by the jury. This position is well supported. [Wilmott v. Railroad, 106 Mo. l. c. 542, et seq. and cases cited; Parks v. Railroad, 178 Mo. l. c. 116, et seq.; Seymour v. Railroad, 114 Mo. l. c. 272, et seq.; Sweeney v. Railroad, 150 Mo. l. c. 398; as construed in Wellmeyer v. Railroad, 198 Mo. l. c. 543; Heinze v. Railroad, 139 Ia. 189.] It is, of course, conceded that in actions of this kind contributory negligence ordinarily is a matter of defense which must be pleaded if a defendant would avail himself of it. It is insisted, however, that since it is well settled that when a plaintiff conclusively convicts himself of contributory negligence he must fail though there be no such plea in the case, it must follow that when his own testimony would warrant the jury in finding him guilty of contributory negligence that question must be submitted though the answer raises no such issue.

*Negligence: Contributory: Not Pleaded: Tendency of Plaintiff's Evidence to Prove it Does Not Make it Question for Jury.*

The theory upon which a defendant, despite a failure to plead it, is permitted to avail himself of plaintiff's conclusive proof of his own contributory negligence, is that in such circumstances plaintiff fails to make out his case. He disproves it. Recovery can be had only for injuries resulting from the defendant's negligence and there is a failure of proof when plaintiff conclusively shows he is himself responsible for his injury. [Milburn v. Railroad, 86 Mo. l. c. 109; Buesching v. Gaslight Co., 73 Mo. l. c. 229.]

The reason for the rule in cases in which contributory negligence appears as a matter of law from plaintiff's testimony affords, therefore, no basis for the conclusion that when testimony merely tending to show contributory negligence is offered by plaintiff an issue of fact is thereby raised in the absence of a proper plea. The question has been heretofore considered. In Schlereth v. Railroad, 96 Mo. l. c. 514, it was said: ''It is the settled law of this court that the contributory negligence of the plaintiff is a matter of defense, and must be pleaded and proved in order to escape liability. . . . The only defense the answer sets up is a general denial, and therefore the defendant is in no condition to invoke the contributory negligence of the plaintiff unless the evidence offered in behalf of plaintiff *shows such contributory negligence as defeats the action.*''

In Keitel v. Railroad, 28 Mo. App. l. c. 663, Judge THOMPSON, speaking for the court, said:

''It may not be out of place to observe that the only error committed by the trial court touching the question of contributory negligence was the error of submitting it to the jury at all, since it was not pleaded. It is *only where a conclusive inference* of contributory negligence arises out of the plaintiff's own testimony or that of his witnesses, either on their direct or their cross-examination, that contributory negligence will bar his recovery, although not pleaded. . . . In other cases contributory negligence is an affirmative defense, to be pleaded and proved by the defendant, in order to entitle him to have it submitted to the jury; and if it is not so pleaded and proved, and is nevertheless submitted to the jury the case falls within the rule that it is error to submit to the jury an issue not made by the pleadings.''

In Schultze v. Railroad, 32 Mo. App. l. c. 448, the Kansas City Court of Appeals, after conceding the rule to be that plaintiff disproves his case when he

proves conclusively his injury is due to his own contributory negligence, proceeds thus:

"Yet it should not be understood that in all cases where there may .be evidence tending to show contributory negligence such defense may be raised at the trial though not set up in the answer. To be thus utilized on the trial, the contributory negligence shown in plaintiff's evidence should be so clear and flagrant as to disprove the cause of action stated in the petition. If it falls short of this, and remains a question of fact, which might be decided either way, then we have little doubt that it should be pleaded to be available as a defense."

The same court in Voegeli v. Marble & Granite Co., 49 Mo. App. l. c. 653, says that before defendant can, without an appropriate plea, avail himself of plaintiff's evidence tending to show contributory negligence, that evidence "must be of such a character as to enable the court to say, as a matter of law that the plaintiff has been guilty of such contributory negligence as would defeat the action. If the question is a debatable one, then it is error to submit it, where the defendant has failed to make the defense in the answer."

In Fechley v. Traction Co., 119 Mo. App. l. c. 368, Judge GOODE, speaking for the St. Louis Court of Appeals, said that unless it was pleaded plaintiff's "contributory negligence was no defense, according to cases in this State, unless the testimony he introduced so clearly showed he was negligent in a manner which contributed to cause the accident, that the court would have been warranted in denying him a recovery." The same ruling is found in McCormick v. City, 64 Mo. App. l. c. 200, and in State ex rel. v. Hallen, 165 Mo. App. l. c. 438, et seq. In this last the authorities are collected.

Sporadic decisions (Brick Co. v. Railroad, 21 Mo. App. l. c. 656; Pim v. Transit Co., 108 Mo. App. l. c. 716, 717) indicating a contrary view do not seem well con-

sidered. The first of these is based upon decisions in States in which a different rule as to pleading contributory negligence obtains (Shearman & Redfield on Negligence [5 Ed.], sec. 113 and note) and the other upon decisions in this State which do not justify the conclusion announced. The court which rendered them has subsequently several times decided the same question the other way.

Finally, Division No. 2 of this court in Collett v. Kuhlman, 243 Mo. 585, passed upon the question now presented and held that "the fact that plaintiff's evidence *tends* to prove contributory negligence does not, in the absence of such plea, authorize the submission of such issue to the jury." The judgment was reversed and the cause remanded solely on the ground that this principle had been violated.

Either this and like rulings are right or the rule that contributory negligence must be pleaded will be practically abrogated. It can be safely stated that in the majority of cases of this kind circumstances are shown in plaintiff's evidence, on cross-examination of his witnesses or otherwise, which tend to prove contributory negligence, and to hold that in every such instance the question of contributory negligence is introduced into the case is to destroy plaintiff's right to rely upon the issues made by the pleadings and require him to prepare to meet one or several issues of contributory negligence which different, and possibly reluctant or unfriendly, witnesses may *testify into the case*. The situation is different when plaintiff's evidence *conclusively* makes out his own contributory negligence as is apparent from the very statement of the matter and from the cases cited.

II. If in this connection the record disclosed nothing more than the giving of instruction six an affirmance of the order granting a new trial would

**Submission
Invited by
Plaintiff
Not Error.**
necessarily follow from what has been said; but was that error invited by plaintiff? The first instruction given at his instance directed a verdict for him if the jury found that after he placed himself upon the step as alleged in the petition he was thrown from the car by an unusually sudden and violent lurch of that vehicle occasioned by a negligent application of the air brake and if they further found "that prior to and at the time of said alleged injury to plaintiff he was exercising ordinary care for his own safety."

At the time plaintiff's instruction was asked and given there was not in the case any evidence of contributory negligence by any possibility proper for submission to the jury save the evidence that plaintiff took his place upon the step of the car while it was moving rapidly through the block at a point nearly two hundred feet from the corner at which he expected to alight, and before the speed had been slackened in the least.

Plaintiff could recover only on the negligence alleged. If he stepped off the car in the middle of the block while it was moving, as he testifies, eight to twelve miles per hour, two reasons barred recovery: (1) nothing in the petition warranted it and (2) such an act would constitute negligence as a matter of law. [Spencer v. Railroad, 111 Mo. App. 653.] The facts alleged in the second paragraph of the answer constituted a complete defense and the evidence offered of them was admissible under the general denial. [Parks v. Railroad, 178 Mo. l. c. 118, 119; Neville v. Railroad, 158 Mo. l. c. 311, 312.] The quoted clause of the instruction cannot, therefore, be logically said to refer either to that paragraph or to any evidence offered in support of it.

Further, the instruction itself sufficiently points to the fact that it was the inference deducible in the circumstances from plaintiff's presence on the step that the clause mentioned was intended to require the jury

to negative in their finding. It submits the question of plaintiff's exercise of ordinary care in immediate connection with the acts of negligence alleged as grounds of the action and required the jury to find thereon before returning a verdict. Since in neither pleadings nor evidence was there any intimation of issuable negligence on plaintiff's part in connection with the negligence alleged in the petition, save plaintiff's act in placing himself upon the car step, there is nothing other than this to which that part of the instruction requiring ordinary care of plaintiff could have referred.

The sixth instruction, in effect, simply submitted the question whether that act constituted negligence and, if so, whether it contributed to cause the injury and required a finding for defendant if both questions were affirmatively answered. That an instruction on this theory was invited by plaintiff's instruction is clear enough. The requirement that the jury should, before returning a verdict for him, find plaintiff was exercising ordinary care for his own safety constituted a submission of the question of his contributory negligence. [Krehmeyer v. Railroad, 220 Mo. 1. c. 675.] Plaintiff thus injected this issue and secured its submission to the jury. Though it be conceded that in the circumstances it was unnecessary, nevertheless plaintiff put it into the case. A clause like that employed as stated in the instruction mentioned is of no consequence and may be ignored when incorporated in the petition in a case of this kind (Hudson v. Railroad, 101 Mo. 1. c. 29) but that is because there is a presumption obviating ordinarily the necessity of such allegation. By incorporating the clause in the instruction, however, plaintiff evidenced his desire that the question of his freedom from negligence be submitted as an issue of fact and secured such submission. Having done so he was in no position to complain because the defendant accepted the issue and asked and secured an instruction thereon. Undoubtedly if the trial court had not sus-

tained the motion for new trial and plaintiff had appealed this court would not have reversed the judgment on error thus invited and it cannot be logically contended the trial court was in any better position to grant a new trial on that ground. The principle upon which invited error is held no ground for *reversal* may be said to be, in a sense, that of estoppel. Upon a like question this court (Holmes v. Braidwood, 82 Mo. l. c. 617) once said: "It is an apposite instance where, if ever, the maxim might be applied, *communis error facit jus*. As PARKER, C. J., in Slack v. Lyon, 9 Pick. 65, said: The party 'shall not tread back and trip up the heels of the plaintiff on a defect which he would seem thus purposely to have omitted to notice at the outset of the controversy.' "

In another case (Henslee v. Cannefax, 49 Mo. l. c. 296) in the discussion of an analogous question it was said: "This negligence of the plaintiff was encouraged by the defendants. They stood by and saw heavy costs accumulate in making out plaintiff's case, adding to them the costs of their own witnesses, and then asked the court to declare that their defense had been admitted from the beginning. This will not do and courts should not allow traps to be thus sprung, although upon the inattentive."

In a recent case (Mott v. Morris, 249 Mo. l. c. 137) in which appellants contended the principal issue tried and submitted by all parties was not cognizable under the pleadings this court said: "Plaintiffs can with ill grace complain that the chancellor took them at their word and decided the issue. If it be error to go so far (a question we reserve) then the maxim applies: *Consensus tollit errorem*."

These cases announce the true principle and that principle is as applicable on the hearing below on the motion for new trial as it is when the case is presented here on appeal. Even if this is not universally true it certainly is so when the error invited is the submission

of a question to which plaintiff's own evidence relates though such an issue is not formally made by the pleadings.

III.   Plaintiff insists, however, that the sixth instruction is so erroneous in form that the order granting a new trial must be affirmed.   This contention is based upon the omission of the word "directly" in the phrase "contributed to cause his injuries" as used in that instruction.   It is true it seems clearly inferable from the briefs of counsel on both sides that the trial court did not for this reason hold the instruction bad, but nevertheless the question is raised here and must be decided.

Instructions: Omission of Word "Directly."

The instruction before authorizing a verdict for defendant, required the jury to find (1) that plaintiff, in the circumstances, in placing himself on the edge of the platform and step, was not in the exercise of ordinary care, i. e., was negligent, and (2) that this lack of ordinary care contributed to *cause* his injuries.

The petition does not count upon the humanitarian or last clear chance doctrine and, consequently, plaintiff neither asked nor was entitled to instructions upon that theory. [Peterson v. Railroad, 211 Mo. l. c. 521.] Decisions in cases in which that theory was presented are not entirely in point here.   This case is one in which the right to recover depends upon an allegation of what is sometimes termed simple negligence.

The instruction objected to requires the jury before returning a verdict for defendant, to find that *specified acts* of plaintiff constituted *a failure to exercise ordinary care* and does not leave the jury to speculate as to what acts may be considered as negligence. The argument, therefore, that the instruction authorized a finding for defendant on the ground of some remote negligence of plaintiff not amounting to a want of ordinary care, is unsound and the cases in which

that doctrine is announced in connection with instructions couched in general language are unlike this.

Further the instruction requires not only a finding of a want of ordinary care on plaintiff's part but also a further finding that this want of ordinary care contributed *to cause* his injuries; consequently, decisions condemning instructions which employ the phrases ''contributed to his injuries,'' ''in any way contributed to his injuries'' and the like, do not decide the exact question in this case. It is well established in this State that ordinarily in a case of this kind it is entirely correct to instruct that if plaintiff's negligence ''directly contributed to his injury'' he cannot recover, and error to instruct that if his negligence merely ''contributed to his injury'' recovery is barred. The function of the word ''directly'' in such a phrase is to exclude remote negligence and require the jury to find a causal connection between plaintiff's negligence and his injury.

The instruction given excludes remote negligence by requiring a finding that a specified act constituted a want of ordinary care and requires, also, a finding that such want of ordinary care not only ''contributed'' but that it contributed *to cause* plaintiff's injuries. To the writer, in the circumstances of this case, it seems the explicit requirement to find a want of ordinary care plus a causal relation between it and the injury sustained was even more likely to convey clearly to the jury the correct idea than would have been the case had the usual phrase ''directly contributed to his injuries'' been employed. No case or authority cited and none examined discusses the exact question presented but principles frequently invoked warrant the conclusions stated.

Further, if the jury found plaintiff's act in taking a position on the car step constituted lack of ordinary care on his part in the circumstances and also found it contributed to cause his injuries, how could it be possible it contributed at all save *directly?* That question,

however, it is not now necessary to answer. In view of what has been said and of the further fact that plaintiff in his own instruction required the jury to find he was exercising ordinary care (thus inferentially authorizing a verdict for defendant if he was not), it would be going great lengths to say the sixth instruction was prejudicially erroneous in this last mentioned particular.

It is doubtful whether the instruction mentioned had a great deal to do with influencing the verdict found since that verdict accorded with the great weight of the evidence and since plaintiff's own testimony indicates a reversal of natural law in one particular. However that may be, a careful examination of the questions presented has led to the conclusion that the sixth instruction was not erroneous in the circumstances of this case and no other reason being suggested or appearing to justify the order granting a new trial, that order is reversed and the cause remanded with directions to reinstate the verdict and enter judgment thereon for defendant. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.