THE STATE EX REL. ROLLA WELLS, Receiver of United Railways Company, v. GEORGE F. HAID ET AL., Judges of St. Louis Court of Appeals.—25 S. W. (2d) 92.

Division Two, February 19, 1930.

*T. E. Francis* and *B. G. Carpenter* for relator.

*Greensfelder, Rosenberger & Grand* for respondents.

COOLEY, C.—Certiorari to quash the opinion and judgment of the St. Louis Court of Appeals in a cause wherein one Sarah Schweig was plaintiff and relator herein was defendant. The action was for personal injuries sustained by the plaintiff while riding in an automobile operated by her brother-in-law in the city of St. Louis, which automobile was struck by a street car of defendant, plaintiff being injured in the collision. Upon trial to a jury a verdict was returned in favor of defendant, from the judgment upon which plaintiff appealed. The Court of Appeals reversed the trial court's judgment and remanded the cause solely because of alleged error in an instruction given on behalf of defendant by the trial court. Relator insists that in so ruling respondent judges misconstrued and failed to follow prior rulings of this court.

It is not necessary to refer to the pleadings and facts as stated by respondents in their opinion further than to say that defendant's answer denied the negligence charged in the petition and pleaded contributory negligence on plaintiff's part, and respondents held that the evidence justified submission of both issues, that is, defendant's negligence and plaintiff's contributory negligence. The pertinent part of respondents' opinion is as follows:

"As grounds for a reversal of the judgment, plaintiff charges error in certain of the instructions given on behalf of defendant, among which was Instruction 4, reading as follows:

" 'The court instructs the jury that the law requires that the plaintiff should exercise ordinary care for her own safety; that is, such care as an ordinarily prudent person would exercise under the same or similar circumstances. Therefore, if you find and believe from all the evidence in this case that the plaintiff failed to exercise ordinary care for her own safety in failing to warn the driver of the automobile in which she was riding when she saw or knew, or by the exercise of ordinary care could have seen and known, that he was driving said automobile into and against a moving street car; and if you further find that such failure to exercise ordinary care for her own safety contributed to cause her injuries, then you should find she is guilty of contributory negligence, and she cannot recover herein, and your verdict must be for the defendant.'

"We see no escape from the conclusion that this instruction was erroneous and prejudicial in that it permitted the jury to convict plaintiff of contributory negligence merely upon a finding that she failed to warn the driver, when she saw and knew, or by the exercise of ordinary care could have seen and known, that he was driving his automobile into and against a moving street car, whereas any failure on her part to have given a warning could not have been such negligence as to bar her right to recover, unless it was further made to appear that the warning would have prevented the collision. This the jury was not required to find.

"The Supreme Court, in speaking of a very similar situation, in Corn v. Kansas City, C. C. & St. J. Ry. Co., 228 S. W. 78, 82, has tersely said that 'unless the warning would have avoided the accident, it would have been of no avail to give it, and the failure to give it would not have contributed to causing the accident.' Accordingly, the court in that case held that a requested instruction for the defendant therein which omitted a hypothesis predicated upon the efficacy of the giving of a warning was properly refused on account of such omission.

"The language used by the Supreme Court in the Corn case is so pertinent to, and dispositive of, the matter in hand as to render any further discussion of the point unnecessary. It follows, therefore, that for the error in the instruction under consideration, the judgment for defendant may not be allowed to stand, unless it be true, as is suggested by counsel for defendant, that, under all the evidence in the case, plaintiff was not entitled to have her case submitted to the jury."

Respondents then discuss the question of whether or not plaintiff was entitled to have her case submitted to the jury, and hold that she was so entitled.

Relator contends that in holding the instruction in question prejudicially erroneous for the reason stated, respondents' opinion is in conflict with the decisions of this court in Corn v. Kansas City C. C. & St. J. Ry. Co., 228 S. W. 78, and Hof v. St. Louis Transit Co., 213 Mo. 445, 111 S. W. 1166.

In Corn v. Kansas City C. C. & St. J. Ry. Co., supra, the plaintiff was injured in a collision between an automobile in which she was riding and one of the defendant's interurban cars. Plaintiff's husband was operating and in charge of the automobile. The trial court gave an instruction for defendant as follows:

"1. The court instructs the jury that, if you find from the evidence that plaintiff saw the car of defendant approaching the crossing when she was within fifteen or twenty feet of the track situated in said crossing, and that her husband attempted to cross the track in front of said car in such close proximity thereto as to make the danger imminent, and plaintiff was aware of such facts, and made no effort to warn the driver to stop or slacken the speed of said automobile so as to avoid the accident, *and that such warning would have avoided the accident,* then your verdict should be for defendant."

The trial court refused to give defendant's requested Instruction A which was the same as defendant's given Instruction 1, except that the italicized words of No. 1 were omitted. There was a verdict for plaintiff and defendant appealed. Ruling upon defendant's complaint that the trial court erred in refusing to give Instruction A, this court said:

"Instruction A was properly refused because it omitted the words italicized in Instruction 1, given for defendant, to-wit, 'and that such warning would have avoided the accident.' Unless the warning would have avoided the accident it would have been of no avail to give it *and the failure to give it would not have contributed to causing the accident.*" (Italics ours.)

Does the above ruling amount to a holding that an instruction on contributory negligence in such case is erroneous which does not tell the jury specifically that, to bar recovery, the jury must find that the warning, if given, *would have avoided the accident,* but which does require a finding that the failure to warn *contributed to cause the injuries* complained of? We think not.

The rule is thoroughly established and has been announced many times by this court that the negligence of a plaintiff which directly contributed to cause his injury will prevent a recovery. [Hogan v. Citizens' Ry. Co., 150 Mo. 36, 55, 51 S. W. 473, and cases cited.]

The usual form of instruction submitting that issue directs the jury in substance and effect that if it finds plaintiff guilty of the negligence specified and that such negligence of plaintiff directly contributed to his injury or to cause his injury, he cannot recover. Plaintiff's negligence need not be the sole cause of his injury. It is sufficient to bar recovery if his negligence concurs with that of defendant to cause it. [Hogan v. Citizens' Ry. Co., supra; Felver v. Central Electric Ry. Co., 216 Mo. 195, 211, 115 S. W. 980.] That rule doubtless accounts for the usual form of instruction stating that if plaintiff's negligence directly contributed to his injury he cannot recover.

In Hof v. St. Louis Transit Co., supra, the plaintiff Hof was riding a horse and was struck and injured by one of the defendant's street cars. The defendant pleaded and introduced evidence tending to prove contributory negligence on plaintiff's part. The trial court gave an instruction on contributory negligence reading as follows:

"It is charged in the defendant's answer that the plaintiff himself was guilty of carelessness and negligence which directly contributed to cause his injuries. With respect to this averment, you are instructed that, notwithstanding the defendant may have been guilty of negligence in this case, yet if you find that the plaintiff was himself guilty of some act of negligence which directly contributed to cause his injuries and losses, then plaintiff is not entitled to recover. If, therefore, you find that the plaintiff negligently caused the horse he was riding to attempt to pass in front of defendant's car when said car was so short a distance away as to prevent defendant's motorman in charge thereof, in the exercise of ordinary care, with the means and appliances at hand, from stopping said car in time to avert collision, then the plaintiff has been guilty of contributory negligence, and is not entitled to recover, even though you should find the defendant to have been negligent with respect to the rate of speed and the failure to give warning."

This court held that said instruction was a correct declaration of the law of contributory negligence. It will be observed that the instruction in the Hof case told the jury that plaintiff could not recover if his negligence "directly contributed to cause his injuries and losses." In the brief filed here on behalf of respondents in the instant case it is sought to distinguish the Hof case in two respects, viz., (a) that the instruction there under review told the jury that if plaintiff was guilty of negligence which *directly* contributed to cause his injury he could not recover, whereas the word "directly" is omitted in the instant case, and, (b) that while the instruction given in the Hof case is a correct declaration of law in a case where plaintiff has control of the vehicle or means of locomotion it is not so when applied to a passenger in a vehicle driven by some one else.

Of (a) it is sufficient to say that respondents do not criticise the instruction or hold it bad because of such omission. Their opinion does not consider the instruction from that standpoint. Had it done so the instruction might not have been condemned on that ground in view of what was said on that point by this court in White v. United Rys. Co., 250 Mo. 476, 157 S. W. 593 (Q. v.). Upon the point that presents the question of alleged conflict it is apparent from respondents' opinion that their holding would have been the same had the word "directly" been used in the instruction.

Relative to (b) it is argued in the brief on behalf of respondents that while the law requires a passenger in a vehicle to exercise ordinary care and prudence for his own safety and does not permit him to entrust his safety absolutely to the driver regardless of impending danger or apparent lack of ordinary caution, it does not require him to use the same vigilance as is demanded of the driver of the vehicle. [Smith v. St. Louis, S. F. Ry. Co. (Mo.), 9 S. W. (2d) 939; Boland v. St. Louis S. F. Ry. Co. (Mo.), 284 S. W. 141; Peppers v. St. Louis-S. F. Ry. Co., 316 Mo. 1104, 295 S. W. 757.] Conceding the principle we cannot see that it has anything to do with the question at issue. While there may be different degrees of care required of persons under different circumstances and conditions the failure in any case to exercise the care incumbent upon one in that situation is negligence. It is not a difference in *degrees of negligence.* It has been said that the law does not recognize degrees of negligence. [Young v. Railroad, 227 Mo. 307, 332, 127 S. W. 19.] The difference is in the facts and circumstances and situations of persons which are to be considered in determining whether there was negligence, i. e., a failure to exercise the care requisite in the situation involved. But whatever the degree or amount of care and vigilance required in a given situation or under given circumstances may be, failure to exercise such care and vigilance is negligence or contributory negligence as the case may be. And in cases where the defense of contributory negligence is available we have uniformly held that a plaintiff's negligence, that is, failure to exercise the care which the given situation and circumstances imposed upon him, which negligence directly contributed to cause the injury for which he sues, bars recovery.

It can make no difference in the application of the principle above stated that the plaintiff in this case was a guest or passenger in the automobile rather than the operator thereof. As stated above, the difference is only in the facts to be considered in determining whether under the circumstances she was contributorily negligent. If she was, then the same effect upon her right to recover must follow as would follow in a suit by the operator of the car if it was found that

he had failed to exercise the care required of him and that such failure contributed to cause his injuries.

Nor do we think this court intended to announce or that it did announce a different rule in Corn v. Kansas City C. C. & St. J. Ry. Co., supra. The instruction there under consideration was held to have been properly refused because of the omission of the words "and that such warning would have avoided the accident." Those words were included in another instruction given for defendant, as stated in the opinion. The given instruction with those words included must have been requested by defendant after the court's refusal to give its Instruction A, since the one given and the one refused are otherwise identical; in which case of course defendant could not complain if, from its standpoint, the given instruction was not happily worded. In stating the reason for holding the refused instruction erroneous for omitting those words the court said: "Unless the warning would have avoided the accident it would have been of no avail to give it, *and the failure to give it would not have contributed to causing the accident.*" (Italics ours.)

Conversely, upon that reasoning, would not a finding that *failure* to give the warning *did* contribute to cause the accident be equivalent to a finding that the warning, if given, would have prevented the accident? We do not think the court meant to hold that the identical language used in the given instruction and omitted from the one refused must be employed. The thought intended to be expressed was that the failure to warn must have been a contributing cause of plaintiff's injuries and that the jury should be informed that it must so find. That is shown by the words we italicized in the above quotation of the court's language, and by the reference in the opinion to another refused Instruction, F, which the court said was properly refused because it did not require the negligence of plaintiff, if any, in failing to look, etc., "to cause or contribute to the injuries received." So understood the decision in the Corn case is in harmony with long established rulings of this court. Otherwise it would not be, and there is nothing said in the opinion to indicate an intention to depart from the settled rule on contributory negligence.

The case of Holden v. Missouri Railroad Co., 177 Mo. 456, 76 S. W. 973, is analogous to the instant case in the situation of the parties calling for the application of the contributory negligence rule. Holden was riding in a wagon with one Jones, the team being driven by Jones, and while crossing the defendant's car track the wagon was struck and plaintiff was injured by the car of defendant. Plaintiff's contributory negligence was in issue. There was a verdict for defendant. The trial court sustained plaintiff's motion for new trial upon the ground that the court had given erroneous instructions for defendant, from which order granting a new trial defend-

ant appealed. Defendant's Instruction 1 on contributory negligence was as follows:

"The court instructs the jury that although the plaintiff may not have been the driver of the wagon mentioned in the testimony, nevertheless plaintiff, situated as he was, had no right to rely implicitly upon the care and prudence of the driver on the seat beside him for his own safety, but it was his duty, if said driver was approaching said Thirteenth Street on which cars were passing at a careless rate of speed, to attempt to have him check his speed to a safe rate, and if the jury find that under the circumstances said wagon was approaching defendant's tracks at a careless rate of speed, and that plaintiff, situated as he was, made no effort to have said speed diminished, *and that such action of the plaintiff contributed directly to said collision and his injuries,* then he cannot recover, and your verdict must be for defendant." (Italics in above quotation ours.)

Of this instruction this court said:

"Treating of the instructions in the order as numbered, we find instruction Numbered 1 substantially correct; the error consists in the failure to give due attention to punctuation. (This is frankly conceded by learned counsel for appellant.) This omission may have tended to mislead the jury in the application of the facts to this declaration.

"Properly understood, as doubtless the trial court intended it to be interpreted and correctly punctuated, the 'careless rate of speed' designated in the instruction, refers to the driver of the wagon in approaching the crossing; but a disregard in this respect might have a tendency to mislead the jury and incline them to apply the terms 'careless rate of speed' to the cars. *This is the only criticism to which this instruction is subject.*

"To enable the jury to intelligently apply the facts to the law as declared by the court such declarations should be clear and unambiguous. Upon the retrial of this cause, it is suggested that such terms be employed in the instruction, as will remove all doubt as to whom the terms 'careless rate of speed' are applicable." (Italics ours.)

It will be seen that the above instruction in the part thereof which tells the jury the effect of plaintiff's contributory negligence, in which respect it was approved by this court, is similar to the one condemned in respondents' opinion.

In their opinion respondents announce the conclusion that the instruction under review was erroneous and prejudicial "in that it permitted the jury to convict plaintiff of contributory negligence merely upon a finding that she failed to warn the driver . . . , whereas any failure on her part to have given a warning would not have been such negligence as to bar her right to recovery, unless it

was further made to appear that the warning would have prevented the collision.'' Such conclusion ignores the express requirement of the instruction that to convict plaintiff of contributory negligence the jury must further find ''that such failure to exercise ordinary care for her own safety contributed to cause her injuries.'' In thus holding the instruction in question to be prejudicially erroneous for the reason stated, respondents' opinion misconstrues and conflicts with the decision of this court in the Corn case, and is in conflict with Hof v. St. Louis Transit Co., supra, and Holden v. Missouri Railroad Co., supra; wherefore it follows that the opinion of the Court of Appeals and the record upon which it is based should be quashed. It is so ordered. *Davis* and *Henwood, CC.*, concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All of the judges concur, except *Walker, J.*, absent.