ANNA M. SNICKLES, Respondent, v. CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, April 3, 1911.

1. **EVIDENCE: Presumption: Married Woman: Semble.** Where there is no direct evidence in the record of the fact of whether plaintiff was married or single at the time of the injury, and where plaintiff was addressed as a married woman at the trial, and was shown to have had a son, the defendant may be technically correct in his contention raised for the first time on appeal that the presumption that she was married at the time of the injury and living with her husband must obtain in the absence of controverting evidence.

2. **APPELLATE PRACTICE: Prejudicial Error: Failure of Proof.** Where the averments of the petition are sufficient to support a recovery for loss of earnings, although there is no direct evidence in the record of the fact of whether plaintiff was married or single at the time of the injury, and although such an omission constitutes a failure of proof, because plaintiff's services as a washerwoman belonged to her husband, if she had

one, and was living with him at the time of the marriage, nevertheless such an omission should not be regarded as prejudicial error sufficient to warrant disturbing the judgment where the question of the plaintiff's status is raised in the appellate court for the first time, and the attitude of the defendant in that court, is in effect, an admission of the fact that plaintiff was single, and therefore entitled to damages.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman*, Judge.

AFFIRMED.

*W. B. Morris, O. E. Shultz* and *Phil A. Slattery* for appellant.

(1) The court committed error in refusing to give defendant's instructions Nos. 13 and 15, and thus allow the jury to say whether the city had opened up for public use the part of the street complained of. Curran v. City of St. Joseph, 128 S. W. 203; Downend v. Kansas City, 156 Mo. 60; Ely v. St. Louis, 181 Mo. 723; Rupenthal v. St. Louis, 190 Mo. 213; Benton v. City of St. Louis, 217 Mo. 687; Hunter v. Weston, 3 Mo. 184; Kossman v. St. Louis, 153 Mo. 298. (2) The court erred in giving plaintiff's instruction No. 2, thus permitting plaintiff to recover for her inability to follow her ordinary avocation. Plummer v. City of Milan, 70 Mo. App. 601; Wallis v. Westport, 82 Mo. App. 522.

*Carolus & Wilcox* for respondent.

(1) The trial court committed no error in refusing to give instructions No. 13 and 15 asked by defendant. Ruppenthal v. The City of St. Louis (as reversed and overruled) in Benton v. City of St. Louis; Benton v. City of St. Louis, 217 Mo. 687; Curran v. City of St. Joseph, 128 S. W. 203. (2) The court committed no error in giving plaintiff's instruction No. 2.

JOHNSON, J.—The case was here on a former appeal (139 Mo. App. 187) and we affirmed the judgment of the trial court granting a new trial on motion of plaintiff. A second trial to a jury resulted in a verdict and judgment for plaintiff in the sum of fifteen hundred dollars, and the cause is here on the appeal of defendant.

The evidence adduced at the second trial does not differ in material respects from that considered on the former appeal. We refer to our opinion then delivered for a statement of the facts. Complaint is made by defendant of the action of the court in assuming in its instructions to the jury that as a matter of law the city had accepted the sidewalk on which plaintiff was injured and had become bound to exercise reasonable care to maintain it in a reasonably safe condition for travel. We dismiss this complaint with the observation that the undisputed facts in evidence justify the position of the court under the latest decision of the Supreme Court in Benton v. St. Louis, 217 Mo. 687, and of this court in Curran v. City, 128 S. W. 203.

Defendant objects to the instruction on the measure of damages given at the request of plaintiff which told the jury that "if they find for the plaintiff, that in estimating her damages they will take into consideration her physical injuries, if any, inflicted, the suffering, bodily pain and mental anguish, if any, endured, and her inability, if any, to perform her ordinary avocation, her loss of services, if any, sustained on account of said injuries, and may assess her damages at such an amount as the jury may think proper and reasonable, not exceeding in all the sum of three thousand dollars."

The petition alleges that "as a result of said injury her hand and wrist have been made stiff and useless and her injuries are permanent . . . that she was prior to said injury capable of earning the sum of one dollar per day by her labors but that since said injury she has been unable to earn any sum whatever." This averment is sufficient to support a recovery for loss of earn-

ings. [Britton v. City, 120 Mo. 437; Smith v. Railway, 119 Mo. 246; Wilbur v. Railway, 110 Mo. App. 694; Gurley v. Railway, 122 Mo. 151.]

But defendant contends plaintiff was a married woman as appears from the record and that the instruction erroneously permitted her to recover for lost services that belonged to her husband. The evidence shows that plaintiff kept house and earned money by doing washing for families in the neighborhood. There is no direct evidence in the record of the fact of whether she was married or single at the time of her injury. She was not questioned on that subject. She was addressed as Mrs. Snickles and in her testimony spoke of her son, but no mention was made of a husband and a reading of all the evidence leaves the impression that she had no husband, though, as we have said, the record is barren of any direct evidence of that fact. It appears the question of her status was raised in this court for the first time. Her counsel say in their briefs that she is a widow and was a widow at the time of her injury. In subsequent briefs filed for defendant this statement is not challenged but defendant stands on the record contending that since she was addressed as a married woman and is shown to have a son the presumption that she was married at the time of her injury and was living with her husband must obtain in the absence of controverting evidence. Technically, defendant may be right in this contention. We must be governed by the record. Loss of earnings is a special damage that must be specially pleaded and proved. Plaintiff's lost earnings as a washerwoman belonged to her whether she was single or married. [Nelson v. Railroad, 113 Mo. App. 659.] Her services as housekeeper for her family belonged to her husband if she had one and was living with him. In claiming damages for loss of the last-mentioned services, it devolved on plaintiff to show affirmatively that she was entitled to such damages. Her omission to introduce evidence on this issue constitutes a failure of

proof. But we do not believe that the omission should be regarded as prejudicial error and we are justified in reversing judgments only where we find that the defeated party has been prejudiced by some error committed by the trial court without a fair opportunity being given that court to correct it. The attitude of defendant in this court, in effect, is an admission of the fact that plaintiff was single and, therefore, entitled to the damages. Such admission here destroys defendant's right to take advantage of the omission of plaintiff to prove the fact in the trial court. To say otherwise would result in the absurdity of reversing a judgment and remanding the cause for another trial, that the plaintiff might prove a fact, the existence of which is conceded in the briefs. That would be violative of our duty not to disturb judgments except on the ground of *prejudicial* error. The judgment is affirmed. All concur.