REBECCA BROWNING, Respondent, v. HALBERT BAILEY, Appellant.

In the Kansas City Court of Appeals, April 7, 1924.

1. **HUSBAND AND WIFE: Wife Deemed a Femme Sole with Respect to Her Personal and Property Rights, and May Sue Alone for and Recover Money Due for Board Furnished by Her.** Under section 7323, Revised Statutes 1919, wife alone may sue and recover money due for board furnished by her to defendant.

2. **DEMURRER: Where There was Substantial Evidence to Support Plaintiff's Claim, Court Properly Overruled Demurrer to Evidence.** Where substantial evidence was introduced in support of plaintiff's claim, trial court did not err in refusing to sustain demurrer to evidence.

3. **HUSBAND AND WIFE: In Action by Wife to Recover Money Due for Board Furnished by Her, Evidence as to Separate Contract Between Defendant and Her Husband Held Properly Excluded.** In an action by married woman for money due for board furnished by her under contract to defendant, evidence relative to an entirely separate contract between the defendant and her husband was properly excluded.

4. **PROOF: Burden on Plaintiff to Prove Her Cause by Preponderance of Evidence.** In action by wife for money due for board furnished by her to defendant, the burden was on her to prove her case by a preponderance of the evidence.

5. **EVIDENCE: Meaning of "Preponderance of Evidence" Stated.** Preponderance of evidence is meant that evidence which is more convincing and satisfying to the minds of the jury.

6. **INSTRUCTIONS: Damages: Instruction on Measure of Damages Held not Erroneous.** In an action by married woman for money due for board furnished by her, an instruction that if defendant engaged board of the plaintiff and agreed to pay her the usual and

customary charge and in accordance with such agreement boarded with her for certain period, plaintiff was entitled to recover usual and customary charge as shown by evidence not exceeding specified amount for all such period, less any sum plaintiff received on account thereof, *held* to conform to pleadings and proof and not erroneous.

Appeal from Circuit Court of Nodaway County.—*Hon. John M. Dawson*, Judge.

AFFIRMED.

*Wright & Ford* for appellant.

*McCaffrey & Cook* for respondent.

ARNOLD, J.—This action is based upon a verbal contract whereby plaintiff seeks to recover the sum of $56.50 alleged to be due from defendant for board.

Plaintiff is the wife of W. R. Browning, and defendant is a farmer living on a farm near Quitman in Nodaway County, Missouri. The petition alleges that on February 1, 1922, the defendant engaged board of plaintiff, verbally agreeing to pay therefor the usual and customary charge for such board; that under and by virtue of said contract, plaintiff undertook to furnish, and did furnish board to defendant from the said 1st day of February, continuously, until August 15, 1922. Further the petition alleges that the usual and customary charge for such board was, and is, the sum of $20 per month, making an aggregate sum of $130 for the period named; that there was a credit of $73.50, leaving $56.50 unpaid which is the basis of this suit.

The answer is a general denial and avers that plaintiff was the wife of W. R. Browning and living with him as his wife, and that "on or about the first of February, 1922, defendant entered into a contract with the said W. R. Browning, the husband of this plaintiff, whereby

the said W. R. Browning was to enter the services of this defendant as a farm hand and was to receive as compensation therefor the sum of $35 per month and in addition thereto the defendant was to furnish the said W. R. Browning a house in which he might take his wife, this plaintiff, and his family to live during said employment and was, also, to furnish the said W. R. Browning a garden patch and allow him all the fire wood needed while so employed, and all the milk, cream, and cream with which to make butter as needed, eggs and chickens for table use for his family, and also certain household and kitchen effects then in said home and belonging to defendant, and also to allow the said Browning one-half the proceeds of all cream, butter and eggs sold from cows and chickens owned by defendant. As a further provision of said contract of employment, the said W. R. Browning was to board the defendant for which defendant was to pay the said W. R. Browning the further sum of $3.50 per week.

"Defendant further states that under and by virtue of said contract the said W. R. Browning did enter the services of defendant and moved his said wife and family to the farm then in the possession of and operated by the defendant and that under and by virtue of said contract defendant boarded with the said W. R. Browning from about the first day of February, 1922, until about the 16th day of August, 1922. Defendant further states that he has fully paid the said W. R. Browning for said board as agreed by said parties to said contract."

At the close of all the evidence, defendant asked an instruction in the nature of a demurrer, which the court refused. The case was submitted to the jury and verdict and judgment were in plaintiff's favor. Motion for new trial was unsuccessful and this appeal followed.

First, it is charged that the court erred in refusing to sustain the demurrer offered by defendant. It is insisted that "the service of the wife belonged to the husband and she could not recover for her services in the

absence of affirmative proof of a waiver of his rights."
We have examined the citations given by defendant in
support of this contention, but it will not be necessary
to review all of them. The case chiefly relied upon is
that of Plummer v. Trost, 81 Mo. 425. The holding in
that case was to the effect that services performed by a
wife for another for compensation are presumed to be
given on the husband's behalf. The opinion further
states that this was the common-law rule which at that
time had not been changed by statute, and to rebut such
presumption, the wife must show that the services were
rendered under circumstances indicating an intention
or understanding that she should receive pay therefor.

Another case upon which defendant relies is Sickles
v. City of St. Joseph, 155 Mo. App. 308, a suit for dam-
ages for personal injuries sustained by a married woman
in a fall upon a board sidewalk in said city. The petition
alleged, as an element of damage, the loss of her wages
as a washerwoman. One of the defenses interposed was
that since plaintiff was a married woman, her husband
legally was entitled to her earnings and therefore plain-
tiff could not recover for that item. We are unable to
see any consolation for defendant in the ruling in that
case, for, at page 311 of the opinion, we find this signifi-
cant sentence: "Plaintiff's lost earnings as a washer-
woman belonged to her whether she was single or mar-
ried." [Citing Nelson v. Railroad, 113 Mo. App. 659.]
The ruling in the Plummer case has no application here
since the statutes have abrogated the common-law rule
on this subject. Section 7323, Revised Statutes 1919,
has placed the wife on an equal footing with her hus-
band with respect to her property and personal rights,
and she is deemed a *femme sole* for the purposes therein
named.

In construing this statute, the Supreme Court held in
the case of Lillard v. Wilson, 178 Mo. 145, 77 S. W.
74, that a married woman may sue alone for her labor in
nursing and caring for her father-in-law. Under the

statute and its interpretation by our courts, the contention of defendant that the husband is entitled to the proceeds of his wife's labor is untenable.

The petition alleges a contract between plaintiff and defendant separate from the one entered into between plaintiff's husband and the defendant, involving the board in question. Substantial evidence was introduced in support of plaintiff's claim and the trial court did not err in refusing to sustain the demurrer.

It is urged, also, that the court erred in excluding evidence relative to the contract between the defendant and plaintiff's husband. This point is without merit for the reason that the suit is based upon a contract entirely separate from that between plaintiff's husband and defendant. The rule applicable to this situation is elemental and citations in support thereof are unnecessary.

The third and last assignment of error is directed against instructions numbered 1 and 2 for plaintiff. The first of these instructions told the jury that the burden was on plaintiff to prove her cause by a preponderance of the evidence, and then proceeds, "by a preponderance of the evidence is meant that evidence which is more convincing and satisfying to the minds of the jury." The instruction clearly was proper.

Instruction No. 2 reads as follows:

"The jury are instructed that if you believe and find from a preponderance of the evidence that on or about the first day of February, 1922, the defendant engaged board of the plaintiff and agreed with plaintiff to pay her for such board the usual and customary charge therefor and that pursuant to such agreement the defendant did board with the plaintiff from and after February 1, 1922, up to the 15th day of August, 1922, then the plaintiff is entitled to recover in this cause the usual and customary charge therefor, as shown by the evidence, not exceeding the sum of $5 per week for the whole period of time defendant boarded with plaintiff,

less any sum, if any, the jury may find and believe from the evidence plaintiff has received an account thereof."

As we read the instruction, it clearly conforms to the pleadings and proof, and we find no error therein. For the reasons herein stated, the judgment is affirmed.

All concur.