Jessie M. YOUNG, Appellant,

v.

KANSAS CITY PUBLIC SERVICE COM-
PANY, a Corporation, Respondent.

No. 43825.

Supreme Court of Missouri.

Division No. 2.

Sept. 13, 1954.

Balke & Kelly, Kansas City, Will H. Hargus, C. E. Groh, Harrisonville, for appellant.

Charles L. Carr, R. Carter Tucker, John Murphy, William H. Wilson, J. Gordon Siddens, C. Thomas Carr, Tucker, Murphy, Wilson & Siddens, Kansas City, for respondent.

BARRETT, Commissioner.

In transferring from a bus to a street-car, at midday on a clear, sunshiny day, it was necessary for the plaintiff, Mrs. Jessie M. Young and her friend, Mrs. Clark, to walk across the turn-around track at 63rd and Brookside. Mrs. Young, walking three or four feet behind Mrs. Clark, stubbed her toe on the flange of a guard-rail and fell. The flange projected upward above the rail a quarter of an inch (according to the defendant) or two inches (according to the plaintiff). For her injuries, resulting from the defendant's negligence in the maintenance of its property, Mrs. Young instituted this action to recover $20,000 damages. Upon the trial of her cause a jury returned a verdict in favor of the defendant, and Mrs. Young has appealed claiming that the trial court prejudicially erred in giving and reading to the jury two instructions, A and B.

Instruction A was upon the subject of burden of proof and in defining terms informed the jury "that by the term 'greater weight or preponderance of the credible evidence' is meant that evidence which is *most* convincing to the minds of the jury." Resort is had to the dictionary and it is pointed out that the adverb "most" is defined as "In the greatest or highest degree or to the greatest extent: a With a verb, participle, or phrase; as, those *most* his favorites. b With an adjective or adverb (equivalent to *est*) to form the superlative degree; as, *most* wicked; most rapidly." *Webster's New International Dictionary.* Since the adverb "most," in the instruction, modifies the participle "convincing," it is urged that the instruction erroneously required "the highest degree of proof by the plaintiff." Against the instruction it is argued that the term is defined as an abstract proposition and the jury could only understand that the plaintiff must have proved her case by evidence that is "most convincing" or in the highest degree or to the greatest extent. In short, as we understand, it is claimed that the definition improperly placed a greater burden of proof upon the plaintiff than the law requires in a civil case. Seago v. New York Central R. Co., 349 Mo. 1249, 1255–1256, 164 S.W. 2d 336, 340–341, 147 A.L.R. 372; Nelson v. Evans, 338 Mo. 991, 93 S.W.2d 691.

The appellant concedes that if the word "more" had been employed, in place of the word "most," the instruction would not have been erroneous. Rouchene v. Gamble Const. Co., 338 Mo. 123, 135, 89 S.W.2d 58, 63; Zackwik v. Hanover Fire Ins. Co., Mo.App., 225 S.W. 135, 139; Woolston v. Blythe, 214 Mo.App. 5, 251 S.W. 145, 150–

151. The dictionary defines the adverb "more" as "In a greater quantity; in or to a greater extent or degree; a With a verb or participle." *Webster's New International Dictionary*. In Kenney v. Henson, Mo.App., 107 S.W.2d 947, 952, it was said that "The preponderance or greater weight of the evidence does not merely mean the greater number of witnesses, but means that evidence which, when weighed with that opposed to it, *has the most convincing force,* and from which it results that the greater probability is in favor of the party presenting it." Of necessity the definition is more or less abstract, but the plaintiff did not offer an instruction precisely defining "preponderance of the evidence." Bell v. S. S. Kresge Co., Mo.App., 129 S. W.2d 932, 936. The argument and objection do not demonstrate that the burden of proof was so misplaced or overemphasized that the jury was misled or that the plaintiff's right to a fair trial was prejudiced by the definition. Browning v. Bailey, 216 Mo.App., 122, 261 S.W. 350, 352; Eisenbarth v. Powell Bros. Truck Lines, Mo., 161 S.W.2d 263, 267.

Mrs. Young had made the transfer several times and had crossed the tracks and, in general, was familiar with the turnaround track. On this occasion she said that she was "walking maybe a little fast," but, as she started across, she did not notice, as her lawyer phrased it, "anything there about that place to warn you that you might have difficulty getting across there." After she had fallen she "noticed that the guardrail was up high." And according to a defendant's witness, Mrs. Young and Mrs. Clark were "trotting" as they approached the waiting streetcar. In submitting her cause Mrs. Young hypothesized the circumstances constituting negligence on the part of the defendant, particularly "in that a guardrail of said turnaround track extended and protruded above the surface of said property so as to create an unsafe condition," and she required the jury to find that at the time "plaintiff was exercising due care for her own safety." In addition she offered and the court gave an instruction upon the subject of the defendant's burden of proof with respect to contributory negligence on her part.

Instruction B told the jury that it was the duty of the plaintiff "when crossing from the bus to the streetcar mentioned in evidence at the turnaround or loop area to use ordinary care to observe the conditions then and there existing, and over which she was about to walk, and to use ordinary care for her own safety in so doing." The instruction then said that even though the plaintiff tripped over the guardrail and fell, "still if you believe from the evidence that plaintiff by the exercise of ordinary care on her part under the conditions then and there existing could have seen and could and would have known of its presence and the danger, if any, of tripping over the same in the exercise of ordinary care and could have stepped over or avoided it, if so, but failed to do so, if so, and that such failure contributed to cause her fall and any injuries she may have sustained, then the plaintiff is guilty of contributory negligence and your verdict should be for the defendant."

It is urged that this instruction was prejudicially erroneous in three particulars; one, it told the jury that it was the duty of plaintiff when crossing from the bus to the streetcar at the turn-around or loop area to use ordinary care to observe the conditions then and there existing "without any finding as to whether plaintiff had reason to anticipate any danger," two, failed to require the jury to find that any act or omission constituted contributory negligence on the part of the plaintiff and, three, in omitting the words "directly" or "proximately" erroneously failed to require the jury to find whether or not the hypothesized failure on the part of the plaintiff to exercise ordinary care directly or proximately contributed to cause her fall and injuries.

It is urged that the first sentence of the instruction, stating that it was the duty of the plaintiff to exercise ordinary care for her own safety and to "observe

the conditions then and there existing, and over which she was about to walk," was erroneous because the instruction did not require a further finding that she had reason to anticipate danger. It is argued, because she had no reason to anticipate danger in crossing the turn-around tracks, that there was no duty to look for or to anticipate danger, and whether she was under a duty to look was a question of fact which should have been submitted to the jury and not assumed as a matter of law. This instruction, particularly the sentence to which objection is made, does not deal with the subject of one's duty to anticipate danger as in Crawford v. Kansas City Stock Yards Co., 215 Mo. 394, 114 S.W. 1057. In that case the court was not dealing with an instruction but was considering whether the plaintiff was guilty of contributory negligence as a matter of law when he was struck by an open gate as he stepped from a moving cattle car onto a loading dock. It was the custom to keep the gates closed as cars were moving, there was no evidence to indicate that the plaintiff had any reason to anticipate an open gate and so there was no duty upon the plaintiff to look for it as he said he did not. The court said that as a general rule one was not required to anticipate danger when danger did not exist except it be caused by the negligence of another. Nevertheless, the plaintiff's contributory negligence was a question for the jury, there erroneously declared as a matter of law by the trial court. But in this case there was no question of anticipating danger, it was simply a question of using one's faculties and of exercising ordinary care for one's own safety.

◼ Mrs. Young, in determining and submitting her course of conduct, could take into consideration the fact that Mrs. Clark safely crossed the tracks, Kent v. Kiel, Mo.App., 97 S.W.2d 885, 888, and she had a right to assume that the streetcar company would safely maintain its premises. Wilson v. Wells, 321 Mo. 929, 942, 13 S.W.2d 541, 544. But even between passenger and carrier the respective duties and obligations are mutual and reciprocal, Ryan v. Kansas City, 232 Mo. 471, 482–483, 134 S.W. 566, 569; 13 C.J.S., Carriers, § 774, p. 1543; 83 C.J.S., Street Railroads, § 270(c), p. 406, and whatever Mrs. Young may have had a right to assume with respect to the streetcar company's conduct, the assumption did not absolve her of the duty of exercising ordinary care for her own safety (as she hypothesized) by using her senses and observing where she was walking, and whether, in the circumstances, she exercised the required due care for her own safety was for the jury. Ryan v. Kansas City, supra; Williamson v. St. Louis Pub. Serv. Co., 363 Mo. 508, 515–516, 252 S.W.2d 295, 299; Smith v. Wilson, Mo.App., 296 S.W. 1036, 1040; Caley v. Kansas City, 226 Mo.App. 934, 48 S.W.2d 25. The instruction did not assume that she was negligent, Mahaney v. Kansas City, Clay Co. & St. J. Auto Tr. Co., 329 Mo. 793, 46 S.W.2d 817, the sentence under consideration declared her duty and subsequently the instruction hypothesized the facts and the omission constituting negligence, that the flange extended two inches above the place, that the plaintiff tripped and fell but in the exercise of ordinary care for her own safety "could have seen and could and would have known of its presence and the danger * * * of tripping over the same in the exercise of ordinary care and could have stepped over or avoided it * * *." Barr v. Missouri Pac. R. Co., Mo., 37 S.W.2d 927, 930; Ryan v. Kansas City, supra.

◼ Of course, in order for contributory negligence to legally bar the plaintiff's recovery, her negligence must have been "a proximate cause," and, an instruction submitting the issue "should direct in substance and effect that if the jury finds plaintiff was contributorily negligent as specified, and that such negligence of plaintiff directly (or proximately) contributed to his injury or to cause his injury, he cannot recover." Stumpf v. Panhandle Eastern Pipeline Co., 354 Mo. 208, 217, 189

S.W.2d 223, 227. When precisely employed the words "proximately" and "directly" have come to have a more or less technical connotation and it may be the safer, wiser course to use the exact words in an instruction submitting negligence or contributory negligence. It is possible that their omission may subject an instruction to the interpretation that it does not require a specific finding that the hypothesized conduct proximately or directly contributed to to cause the plaintiff's injury, as in the Stumpf case. But there is no magic in the words "proximately" or "directly", annotation 102 A.L.R. 411, 417, 419; Knox v. Weathers, 363 Mo. 1167, 1172, 257 S.W.2d 912, 914–915, their function in the phrase "proximately (or directly) contributed to cause" is to exclude "remote negligence and require the jury to find a causal connection between plaintiff's negligence and his injury." White v. United Rys. Co., 250 Mo. 476, 490, 157 S.W. 593, 597. If the instruction excludes remote negligence and in fact requires a finding of causal connection between the plaintiff's negligence and injury, it is sufficient. Roeslein v. Chicago & E. I. R. Co., Mo., 214 S.W.2d 13, 17–18.

The point is precisely and aptly illustrated by the White case. There a boy claimed to have been thrown from the platform of a streetcar by a jerk. The jury were informed that if they found and believed from the evidence " 'that a reasonably prudent boy of plaintiff's age and capacity for understanding and appreciating danger would not have placed himself near the edge of the car under the circumstances, and that plaintiff's act in so placing himself near the edge of said platform and on the step *caused, or contributed to cause, his injuries,* if any, then your verdict must be for the defendant.' " Several objections to the instruction were considered and rejected and against the specific objection the court demonstrated that the omission of the word "directly" did not constitute prejudicial error. The court pointed out, as is the case with the instruction under consideration, that "The

instruction objected to requires the jury before returning a verdict for defendant to find that *specified acts* of plaintiff constituted *a failure to exercise ordinary care,* and does not leave the jury to speculate as to what acts may be considered as negligence. The argument therefore that the instruction authorized a finding for defendant on the ground of some remote negligence of plaintiff not amounting to a want of ordinary care is unsound * * *. Further, the instruction requires not only a finding of a want of ordinary care on plaintiff's part, but also a further finding that this want of ordinary care contributed *to cause* his injuries; * * *. The instruction given excludes remote negligence by requiring a finding that a specified act constituted a want of ordinary care, and requires, also, a finding that such want of ordinary care not only 'contributed,' but that it contributed to *cause* plaintiff's injuries. To the writer, in the circumstances of this case, it seems the explicit requirement to find a want of ordinary care plus a causal relation between it and the injury sustained was even more likely to convey clearly to the jury the correct idea than would have been the case had the usual phrase 'directly contributed to his injuries' been employed." White v. United Rys. Co., 250 Mo., loc. cit. 489–490, 157 S.W., loc. cit. 597. It is not demonstrable that the omission of the words "proximately" or "directly" misled the jury in any manner and, in the circumstances of this case, the omission was not prejudicially erroneous. Knox v. Weathers, supra; Barr v. Missouri Pac. R. Co., supra; Grosvener v. New York Cent. R. Co., 343 Mo. 611, 123 S.W.2d 173.

And finally, in this case in which there were simple issues of negligence and of contributory negligence, Le Grand v. U-Drive-It Co., Mo., 247 S.W.2d 706, 711, there is no demonstration that either of these instructions was so prejudicially erroneous in any respect so materially affecting the merits of the action that the plaintiff is entitled to a new trial. Section 512.160(2), RSMo 1949, V.A.M.S., White

v. Rohrer, Mo., 267 S.W.2d 31, 36; Knox v. Weathers, supra. Accordingly, the judgment is affirmed.

WESTHUES and BOHLING, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

LEEDY, Acting P. J., and BROADDUS and ANDERSON, Special Judges, concur.