Matter of the ESTATE of Anna LENHARDT
(Deceased), Grace Whalen, Claimant,
(Plaintiff), Appellant,

v.

Oliver J. LENHARDT, Executor of the
Estate of Anna Lenhardt (Deceased),
(Defendant), Respondent.

No. 30219.

St. Louis Court of Appeals.

Missouri.

March 17, 1959.

Flynn, Parker & Badaracco, St. Louis, for appellant.

William O. Cramer, Walter H. Pollmann, St. Louis, for respondent.

ANDERSON, Judge.

This proceeding arose by plaintiff filing a claim in the Probate Court of the City of St. Louis against the estate of Anna Lenhardt, deceased, for alleged services rendered decedent during her lifetime. The claim was allowed by the probate court, and defendant appealed to the circuit court, where, upon trial to the court, a finding and judgment were rendered in favor of defendant. Plaintiff has appealed to this court.

Appellant, in her claim, alleged she was entitled to $15 per week for services rendered during three consecutive periods: (1) for 86 weeks between April 13, 1950, and December, 1951, in the amount of $1,290; (2) for 148 weeks between January 1, 1952, and October, 1954, for which she had been paid $7 per week, leaving a balance due of $1,184; (3) for 66 weeks between October 15, 1954, and January 31, 1956, for which she had been paid $10 per week, leaving a balance due in the sum of $330.

The case was tried in the circuit court upon the following stipulation of facts:

"The parties, Grace Whalen, claimant, and Oliver J. Lenhardt, Executor of the Estate of Anna Lenhardt, Deceased, do hereby agree that the following facts are true:

"Anna Lenhardt died testate a resident of the City of St. Louis, State of Missouri, on August 16, 1956. Her Last Will was admitted to probate in the St. Louis Probate Court and letters were granted to Oliver J. Lenhardt as executor without bond on September 4, 1956. Thereafter, the claim of Grace Whalen here in issue was duly filed in the St. Louis Probate Court. After a hearing in the said Probate Court on September 7, 1957, the claim was allowed in the sum of $2,804.00. Thereafter executor appealed to this court on November 27, 1957.

"Deceased left surviving her two stepsons, Oliver Lenhardt, the executor, and Elmer Lenhardt, now a resident of California. In addition the deceased left surviving her five nieces, to wit: the claimant, Grace Whalen, as well as Helen Butler, Mary Irwin, Lucille Irwin and Ruth Noonan. Agnes Kunz, sister of Anna Lenhardt and mother of claimant Grace Whalen, died in October of 1954. William Kunz, husband of Agnes, died in 1949.

"Anna Lenhardt's husband died in 1950 and in April of that year deceased went to live at 5421 Pernod in St. Louis, Missouri, at the request of her sister, Agnes Kunz, and with the consent of claimant and her husband. Living in the house at that time were Agnes Kunz (who resided there until her death in 1954), claimant and her husband, Hilary Whalen. Apparently claimant and her husband had been living there for some years previous to deceased's arrival, even when claimant's father, William Kunz, was alive and residing there.

"Claimant, who was barred by statute from testifying, produced two witnesses who testified as follows:

"Ruth Noonan, niece of deceased, testified that she visited the Pernod property many times, that she saw deceased living there, that deceased had a room there and would take all her meals there; further that deceased was apparently happy there. The witness further testified that she knew nothing of any financial arrangements that deceased had with anyone in the house and had never heard deceased or anyone else in the house speak of money. Witness testified that after January 1956 deceased stayed at various times until her death with other nieces, that in April 1956 deceased spent about a month with witness, that deceased

offered $15.00 per week to witness for that period and that witness accepted.

"The other witness for claimant, Mrs. Helen Butler, testified as follows: That she was a niece of deceased, that she had occasion to visit the Pernod property on many occasions and saw deceased living there, that deceased was apparently happy; that deceased never spoke of money while witness was present, nor did anyone else in the family; that she knew of no family arrangements to board deceased on a divided time basis; that deceased stayed with witness for about a month after January of 1956 and that deceased insisted on paying witness the sum of $30.00 which witness reluctantly accepted; that witness had no intent of charging deceased anything. Claimant offered no further evidence.

"Oliver J. Lenhardt, the executor, testified that he had occasion to visit his stepmother in the Pernod property on his visits to St. Louis from his home in Fredericktown, Missouri. He generally corroborated the other witnesses with reference to the facts of deceased boarding in the property. Witness further testified that he at no time heard deceased discuss money or reimbursement. He further testified that deceased had spent about six weeks in his home after January of 1956 but that he had made no charge to deceased for this service and had no intention to charge for this service at any time; further that he had occasion to board in St. Louis on several occasions and that he paid from $10.00 up for accommodations at various times. Executor conceded and (if memory serves) claimant's witnesses testified that $15.00 per week is reasonable on the open market for room and board.

"The estate of deceased contains assets in excess of $20,000.00. The claim filed asks judgment for $2,804.00, being allegedly the balance due after payments totaling $1,696.00 have been deducted from the sum of $4,500.00, the greater sum being computed at $15.00 per week.

"The property on 5421 Pernod Avenue in the City of St. Louis was originally acquired by William Kunz and Agnes Marie Kunz, his wife, on April 25, 1939. On November 24, 1945, the said William and Agness Marie Kunz conveyed the real estate to a straw party who on the same day reconveyed back to William Kunz and Agnes Kunz, his wife, and to Hilary E. Whalen and Grace Whalen, his wife. On February 16, 1954, an affidavit was recorded, the purpose of which was to make known the death of William Kunz on April 13, 1949. On August 26, 1955 an affidavit was filed, the purpose of which was to record the death of Agnes M. Kunz who died on October 12, 1954. The title to the property at that time then remained in the name of the surviving Hilary E. Whalen and Grace Whalen, his wife.

"After the death of William Kunz in April of 1949 and until the death of Agnes Kunz in October, 1954, the property was owned by Agnes Kunz, mother of claimant, and by claimant Grace Whalen and her husband Hilary Whalen, each owning a one-third undivided interest."

From appellant's brief it appears that her sole complaint is that the trial court erred in not finding in her favor. The respondent seeks an affirmance on the ground that claimant has failed to offer proof that she ever rendered any service to deceased or that claimant alone furnished room and board to deceased.

■ Since this was a jury waived case, it is our duty to review the evidence and reach our own conclusions on the facts, and to render such judgment as in our opinion is justly warranted by the evidence.

■ The services claimed to have been rendered consisted of furnishing "room and board" to the decedent during her lifetime. The only factual basis for this claim was the ownership of the property where the room and board were furnished. The record shows that during the entire time de-

cedent lived on said premises the property was owned jointly by claimant and others. It therefore follows that any claim for compensation for the furnishing of living quarters to decedent based upon ownership of said property, was not due solely to claimant, but to the joint owners, and any action to recover same should have been prosecuted by all of said owners as joint obligees. Section 507.030 RSMo 1949, V.A.M.S.; Elmer v. Copeland, Mo.App., 141 S.W.2d 160, certiorari quashed State ex rel. Elmer v. Hughes, 347 Mo. 237, 146 S.W.2d 889; Nelson v. Massman Construction Co., Mo.App., 120 S.W.2d 77; Peters v. McDonough, 327 Mo. 487, 37 S.W.2d 530; Ellis v. Springfield-Southwestern R. Co., 130 Mo.App. 221, 109 S.W. 74; White v. Dyer, 81 Mo.App. 643; Koller v. Shannon County Bank, Mo.App., 74 S.W.2d 271; Frumberg v. Haderlein, 167 Mo.App. 717, 151 S.W. 160; Borden v. Landes, Mo.App., 253 S.W.2d 853; Schulte v. Crites, Mo.App., 318 S.W.2d 387; Clark v. Cable, 21 Mo. 223; Rainey v. Smizer, 28 Mo. 310.

 But appellant contends that the objection of misjoinder should have been raised by some form of pleading under Section 507.050 RSMo 1949, V.A.M.S., and that by failing to do so the objection was waived. Section 507.050, supra, is a part of the Civil Code of Missouri and is not applicable to proceedings originating in the Probate Court. Section 506.010 RSMo 1949, V.A.M.S., restricts the application of the Civil Code to procedures in the Supreme Court, Courts of Appeal, Circuit Courts and Courts of Common Pleas. It has long been the law in this state that formal pleadings are not required in cases arising in the Probate Court or on appeal therefrom to the Circuit Court. Cole County v. Dallmeyer, 101 Mo. 57, 13 S.W. 687; Rassieur v. Zimmer, 249 Mo. 175, 155 S.W. 24. But if there were a rule such as contended for by appellant it would not be applicable to a case such as this, where facts developed at the trial fail to show a right of action in claimant. In such a case, the point may be raised at any stage

of the proceeding, and is not waived by failure to affirmatively plead misjoinder. Elmer v. Copeland, Mo.App., 141 S.W.2d 160. This being a non-jury case, the sufficiency of the evidence to support the judgment may be raised in this court even though not raised in the trial court. Section 510.310 RSMo 1949, V.A.M.S.

Appellant has cited a number of cases in support of the position that she alone should be entitled to maintain the action. We have examined the cases cited and have found nothing in them contrary to the views herein expressed.

The first case cited is Elstroth v. Karrenbrock, Mo.App., 285 S.W. 525, 528. In that case decedent during his lifetime made an agreement with his son, husband of claimant, whereby the son would occupy decedent's farm in return for which the son was to give his father one-third of the crops, and keep the premises in repair. At the same time, decedent proposed that he remain in the house and board with the son and wife, telling the wife that he "would pay board to her." Thereafter, on numerous occasions the father informed claimant he was going to pay for his board and all the trouble he caused her. The opinion states that during the time decedent stayed with claimant and her husband, claimant "furnished him board, did his washing and ironing, cleaned his room, cleaned the bedclothes, patched his clothes, cooked his meals, and cared for the father generally. No supplies for the household were furnished by the father. The meat came from animals raised on the farm, and the vegetables were raised in the garden, which was tended by Mrs. Elstroth. She also raised the poultry and furnished the eggs that were used, taking the surplus eggs to the market and exchanging them for groceries and other household supplies." Other personal services in connection with the decedent's comfort were performed by claimant. Claimant furnished all the bedclothes used by decedent. The point was raised that the cause of action was a joint one in favor of both husband

and wife, and not in favor of the wife alone. The court, in disposing of this contention, said: "where, as here, the evidence discloses that the services were rendered by the daughter-in-law alone under facts or circumstances indicating the intention or purpose on the part of her husband to concede to her the fruits of her own labor, she is the proper party plaintiff and her husband should not be joined."

. In the case at bar there are no facts and circumstances shown which would justify an inference that the agreement was that claimant alone should be paid the reasonable value of the room and board furnished, or that claimant's husband or any of the joint owners of the Pernod Avenue property agreed to any such arrangement. It was not shown that claimant performed any personal service for decedent, or purchased and paid for any of the food consumed by Anna Lenhardt.

Helsley v. Ferguson, 228 Mo.App. 386, 67 S.W.2d 103, was a suit against an administrator of the estate or lands of Orlando B. Canaday, deceased, to recover the reasonable value of services rendered by the plaintiff to Olivia Canaday, a daughter of the deceased. The evidence showed that the daughter of deceased was taken into plaintiff's home and cared for until the child reached the age of 19 years, at which time she died. Plaintiff was a married woman; her husband was not joined as a party plaintiff, and on appeal it was contended that the demurrer to the evidence should have been sustained for that reason. The court, however, held that since there was evidence that the contract for the child's keep was made between deceased and plaintiff alone, the trial court did not err in overruling said demurrer.

In Shern v. Sims, Mo.App., 258 S.W. 1029, 1031, an action brought by husband and wife, recovery was had by the wife for services which she alone rendered. The court of appeals affirmed, holding: "There is not shown, either in the pleading or in the evidence, an expressed or im-

plied promise to pay the plaintiffs jointly. Consequently this is not a suit upon a cause of action that is joint. There was no error in permitting a recovery by Mrs. Shern alone."

In Birch v. Birch, 112 Mo.App. 157, 86 S.W. 1106, plaintiff, a married woman, filed a claim in the probate court in the estate of George A. Day. Her husband did not join in said claim. The claim was for nursing, washing, and board furnished deceased. The claim was disallowed in the probate court. Upon trial in the circuit court claimant was non-suited, from which ruling claimant took her appeal to the court of appeals. The court of appeals reversed and remanded the case. At no time was the non-joinder of claimant-husband raised or passed upon.

Browning v. Bailey, 216 Mo.App. 122, 261 S.W. 350, is another instance of a wife who claimed compensation and was allowed a recovery for board furnished another, for the reason that she introduced substantial evidence of a contract with defendant separate and apart from her husband.

In LeCount v. Fountain's Estate, Mo. App., 182 S.W. 102, there was evidence of an express agreement between decedent and claimant (a married woman) whereby the former would pay the latter for the services in taking care of and waiting upon decedent. A part of the claim was for board. Claimant's husband was not joined as party-plaintiff, but no issue of misjoinder on that account was made.

■ Claimant in the case at bar failed to produce any evidence whatever that she alone furnished "board" for decedent, or rendered any personal service to decedent during the time decedent lived on the premises in question. There is no evidence of an express contract between claimant and decedent. Nor does the evidence warrant a finding of an implied contract in favor of claimant alone. She has not carried the burden of proof on this issue

which the law casts upon her and, having failed to do so, she is not entitled to recover on her claim.

Taken with the case was respondent's motion to dismiss the appeal for failure of appellant to comply with Rule 1.08 of the Supreme Court Rules, 42 V.A.M.S. Said motion is overruled.

The judgment appealed from is affirmed.

WOLFE, P. J., and RUDDY, J., concur.