In the Matter of the **ESTATE** of Elizabeth J. **SCHNUR,** Deceased.

**Walter L. ALEWEL, Executor of the Estate of Frank Vollmer, Deceased, Claimant, Respondent,**

v.

**Bernard F. VOLLMER, Jr., et al., Defendants-Appellants.**

**No. 34207.**

Missouri Court of Appeals, St. Louis District, Division Two.

July 11, 1972.

Motion for Rehearing or to Transfer to Supreme Court Denied Sept. 20, 1972.

Application to Transfer Denied Nov. 13, 1972.

Hall, Reaban, Seigel & Hyatt, Dale Reaban, St. Louis, for defendants-appellants.

Thomas, Busse, Cullin, Clooney, Weil & Ottsen, John C. Sweeney, St. Louis, for claimant-respondent.

SIMEONE, Judge.

This case involves an heretofore unresolved interpretation of § 473.590 [1] of the 1955 Probate Code. While the issues are narrow, the solutions are complex. The principal issue is whether, after the filing of final settlement of a decedent's estate, written objections may be made later than ten days after the filing of the final settlement. We hold that, under the facts which will be developed, the probate court had power to consider such objections.

The appeal arises from a judgment of the Circuit Court of the City of St. Louis entered January 19, 1971, ordering Bernard F., Joseph F. and Theodore Vollmer, the executors of the Estate of Elizabeth J. Schnur, (hereinafter Elizabeth), to pay the claim of her brother, Frank Vollmer, for rent due in the amount of $350 per month from February 15, 1968, to June 9, 1969, for a total of $5,600. The circuit court affirmed an earlier identical order of the probate court entered June 2, 1970. After post-trial motions were filed, the executors perfected their appeal to this court.

The cause arose in this manner. On June 11, 1966, Elizabeth J. Schnur, a successful business woman, died in her seventy-eighth year. She was the sister of Bernard, Joseph and Frank Vollmer. Her nephews were Bernard F., Joseph F. and Theodore Vollmer. She left a will which

---

1. All statutory references are to RSMo 1969, V.A.M.S., unless otherwise indicated.

was duly probated on June 13, 1966. In her will she devised an undivided one-third life interest of the real estate located at 3125 Lafayette Avenue, on which she had been operating a mortuary business, to her brothers with remainder to her nephews.

The executors were authorized and empowered by Item Seven of her will " . . . to carry on and operate the business of the E. J. Schnur Funeral Home, now carried on by me at 3125 Lafayette Avenue in the City of St. Louis, Missouri, during the administration of my estate without any authority or order from the Probate Court having jurisdiction thereof, . . . "

Item Five, paragraph five, of the will provided: "The bequest and devise of the above real estate in this Item Five to my said brothers for life, is upon condition that they each charge or receive no more than $350.00 per month, net, after all taxes, expenses and upkeep of the premises as rental for said premises from the owners of the E. J. Schnur Funeral Home and upon further condition that my said brothers rent or lease to no other person or persons than the owners of the E. J. Schnur Funeral Home. Should either of my said brothers violate or attempt to violate the terms herein provided, his life tenancy will then terminate and his interest in said property pass as herein provided."

There is no question that the executors did undertake to operate the mortuary business and did pay Frank, Bernard and Joseph the sum of $350 per month until January, 1968.

In the course of the administration of Elizabeth's estate, final settlement was filed on October 15, 1968. Thereafter, on November 19, 1968, some 35 days later, on application of Frank Vollmer, the time to file objections to the final settlement was extended to December 2, 1968, and again on December 2, 1968, on application the time to file objections was further extended to December 17, 1968. On December 5, a "Petition for Order Directing Executors to Pay Creditor" was filed by Frank seeking the rental amounts subsequent to January, 1968. This petition was therefore filed fifty days after the date of filing the final settlement. After subsequent motions were heard and overruled, Walter L. Alewel filed a Petition for Substitution in the probate court alleging that Frank Vollmer had died on June 16, 1969. The Objections to Substitution were overruled in May, 1970.

Eventually after answers to the Petition for Order Directing Executors to Pay Creditors were filed, the probate court entered its order against the executors to pay $5,600 for rent due. The probate court treated the Petition for Order Directing Executors to Pay Creditor as objections to the "co-executors final settlement."

The appellants-executors raise four points: (1) the Petition for an Order Directing Executors to Pay Creditors (objection to final settlement) was filed more than ten days after the date of filing the final settlement and hence in violation of § 473.590; (2) the trial court erred because of the non-joinder of all necessary parties in the claimant's claim for rent; (3) the probate court did not have jurisdiction to hear a landlord-tenant action; and (4) the probate court had no jurisdiction over the real estate.

We hold that the probate court under the circumstances did not err, and affirm.

Section 473.590, insofar as pertinent, states: "Within ten days after the filing of the final settlement and petition for distribution, or such longer time as may be ordered by the court, any interested person may file written objections thereto . . . ." This section first became a part of our law in the Probate Code of 1955.[2] Prior to that time there was no express statute prescribing the time within which objections should be filed but it was the

2. Effective January 1, 1956.

practice for interested persons to file written exceptions if filed within the same term at which the final settlement was approved. In re Alexander's Estate, Mo. Sup., 360 S.W.2d 92, 98; see discussion in 4 Mo.Practice, Probate Law and Practice, § 1385. In *Alexander's Estate*, objections were filed more than ten days after filing the final settlement, but the proceeding was commenced before the enactment of the Probate Code and pending on the effective date. The Supreme Court held that § 473.590 was not to be applied because the application of the second would work an injustice in the case. Section A.1, Enactment Clause, Laws 1955, p. 385; 25 V.A. M.S. 149–150.

As stated, § 473.590 provides that "Within ten days after the filing of the final settlement and petition for distribution, *or such longer time as may be ordered by the court,* any interested person may file written objections thereto . . . The objections must be in writing and clearly state the specific grounds of objection and the modification desired . . ." (Emphasis ours.) See Maus, 4 Mo.Prac. § 1468.

■ In order to carry out the policy of the statute to expedite the distribution of the estate, we construe it to mean that in order for a person who files an objection to be entitled to have his objection considered and heard he must request, within ten days after filing the settlement, an extension of time to file any objections thereto. If such request for extension of time to file objections is made within that period the probate court may extend the time to file objections and the person filing them would then have the right to have the objections considered, heard and ruled upon.

■ However, in the event it should come to the attention of the probate judge, either sua sponte or through information set forth in an objection of an interested person after the ten day statutory period that the final settlement is inaccurate, incomplete or in any way improper, the probate judge may, before approving the final settlement, hold a hearing and rule upon the matter. The probate court has the power to consider any information or objection that comes within its purview, and hear and rule, even though the information or objection is filed after the ten day period, to assure itself that the settlement should be approved.

■ This is, in effect, what was done here. The probate court on application of Frank Vollmer, in its discretion, permitted him to file his petition and treated the petition as objections to the final settlement. We cannot say that under the provisions of Elizabeth's will, the probate court abused its discretion in allowing the objections to be filed at the time it did because of the inherent power of the court to consider pertinent matter.

■ We also hold that the Petition for Order Directing Executors to Pay Creditor was sufficiently clear and specific. The petition set forth that Frank owned a life estate in a one-third interest in the real estate, that the executors have continued the operation of the funeral business and have incurred the liability of paying rent for the use of the real estate, and that the executors failed to pay the rent due since January, 1968. Cf. Hoffmeyer v. Mintert, Mo. Sup., 93 S.W.2d 894; Clow's Estate v. Clow, 237 Mo.App. 267, 167 S.W.2d 903.

■ Appellant urges that the courts below erred because respondent has failed to join the other two brothers, Bernard and Joseph, in the claim for rent. It is urged that since Frank, under the terms of the will, was an owner of an individual one-third of the real estate for life, that the rent due, if any, would be for the whole part of the real estate even though one-third was to be paid to each of the life tenants. The executors, therefore, urge that since all necessary parties were not joined, the probate court erred. This argument cannot be sustained. The interest of each brother under Item Five of the will was separate and distinct. Although

Item Five states that each of the brothers as life tenant was given an undivided one-third interest, the will separates their rights as to rent and authorizes "each charge or receive no more than $350.00 per month, net . . . " The three brothers were not under such circumstances "necessary" parties.

The executors rely on Lenhardt's Estate v. Lenhardt, Mo.App., 322 S.W.2d 170, decided by this court. That case is inapposite. There it was held that a claim for services by one joint owner of property where decedent lived prior to death could not be made unless the others were joined. The property was jointly owned. Such is not the situation here. "Each" brother had the right to charge or receive no more than $350.00 per month rent. The rights under the will as to the rents were separable. Each life tenant was given a separate right to collect rents and any one of the three could perfect his right without affecting the rights of the others.

■ The executors also rely on § 507.-030. That section provides that " . . . persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants." See also Rule 52.04, V.A.M.R. The Rules of Civil Procedure are restricted to procedures in the Supreme Court, Court of Appeals, Circuit Courts and Courts of Common Pleas. Section 506.010; Rule 41.02. Lenhardt's Estate v. Lenhardt, *supra*, 322 S.W.2d 173.

■ We realize that a probate court should apply the general principle of equity that no decree will be entered which will materially and necessarily affect any person's interest in the property involved unless he has been made a party to the suit and has been afforded an opportunity to be heard in defense of his rights, and that it is the policy to do justice as a whole instead of by piecemeal. Schaeffer v. Moore, Mo., 262 S.W.2d 854, 858. But this general principle does not preclude the probate court in the exercise of its reasonable discretion to allow an objection by a party having a separable interest from making an objection to the final settlement.

■ Appellants' final point is that the probate court does not have jurisdiction to entertain this suit because it is a suit for rent and the magistrate court has exclusive jurisdiction over landlord and tenant actions under §§ 535.010 and 535.020. The executors urge that any action for rent must be filed in the magistrate court which has exclusive jurisdiction over all landlord and tenant actions, §§ 535.010, 535.020. We believe that the petition filed by Frank in this case was within the jurisdiction of the probate court and pertained to "probate business." Missouri Constitution, Art. V, § 16, V.A.M.S.; § 472.020. The claim against the estate of Elizabeth for rent from the executors of that estate was based on the operation of the funeral home in their capacity as executors and was "probate business." This was not an ordinary landlord-tenant action under §§ 535.010 and 535.020, and these sections are not applicable to this cause. The magistrate court has no jurisdiction over a suit for rent against an estate of a deceased person, for when a sole defendant who has been served with process dies, the magistrate shall " . . . immediately make an entry thereof on his record, and shall cease all further proceedings in the cause, and certify and return to the court of his county having probate jurisdiction a transcript of all the entries . . . and upon the filing of the proceedings and papers . . . the (probate) court shall become possessed of the cause, and shall proceed as in cases of other demands . . . ." Section 517.450; see also § 473.370.

■ The executors contend that the probate court "never had any jurisdiction of the real estate herein as it did not enter any order or the Will authorize the executors to rent the real estate devised to the three co-life tenants," relying on In re Dildine's Estate, 293 Mo. 393, 239 S.W. 112. The question there was whether the probate or circuit court had jurisdiction to sell

real estate. It was held that when a partition suit had been filed in the circuit court, the probate court had no jurisdiction to sell real estate. A probate court can sell or lease real estate when it is necessary, but not until an order to sell or lease is made does the executor have rights over the real estate since the title to real estate upon death rests directly in the heirs. Such is not the situation here. The probate court had jurisdiction of the estate; the will itself authorized the rent to be charged and received by the brothers; in such circumstances no order of the court was necessary.

■ Appellants rely on §§ 441.160 and 441.170. These sections are inapplicable since they simply provide that the executor of Frank (the life tenant) is entitled to collect the amount of rent on the property due on Frank's death.

The judgment is affirmed.

DOWD, P. J., and SMITH, J., concur.