Sandra WOOD, Appellant,

v.

Fred HUDSON, Respondent.

No. 60475.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 4, 1992.

Margaret Mary Neill, St. Louis, for appellant.

Paul W. Johnson, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Sandra Wood, appeals an order entered in the Circuit Court of St. Louis County setting aside an earlier order appointing a defendant *ad litem* in appellant's personal injury suit. We affirm.

On February 13, 1985, appellant was involved in an automobile accident on Interstate 70. A truck travelling in front of her car allegedly dropped a tire onto the highway in appellant's lane of travel. Appellant collided with the tire sustaining personal injuries. Appellant sued Eugene Holley, d.b.a. E & H Auto Sales and "Fred Hudson" in the Circuit Court of the City of St. Louis on or about December 12, 1989. Process was served upon Fred Hudson, *Jr.* on January 9, 1990. Service was obtained upon all the other parties in due course.

On April 5, 1990, defendants filed a motion to dismiss for lack of venue. On May 21, 1990, the court continued a hearing on the motion for twenty days so that appellant could discover the residence of Fred Hudson, *Sr.* This is the first reference to any such person in the legal file. The motion to dismiss was overruled on July 17, 1990, but the cause was transferred to the Circuit Court of St. Louis County, a proper venue. Defendants filed their answer to appellant's petition on December 28, 1990.

On February 5, 1991, defendants filed a motion to dismiss, stating that neither they, nor people acting on their behalf, ever owned or operated the vehicle involved in the accident.

On February 20, 1991, appellant filed a suggestion of death for Fred Hudson (Sr.), said death having occurred six years previously on January 8, 1985, thirty-six days before the accident occurred. At the February 21, 1991, hearing on defendants' mo-

tion to dismiss, appellant voluntarily dismissed defendant Eugene Holley. Defendant Fred Hudson, Jr. was dismissed by the court after argument. The court then granted appellant leave to file a motion for the appointment of a defendant *ad litem* pursuant to RSMo § 537.021 (1986). Appellant's motion was granted on March 21, 1991, when the court appointed Mr. Gary Siegel as defendant *ad litem*. Former defendants, Fred Hudson, Jr. and Eugene Holley, filed a motion for reconsideration on April 15, 1991, asking the court to reconsider the appointment of the defendant *ad litem*. The court sustained the motion to reconsider and appellant appeals that decision.

The concern of this court is whether or not the trial court reached the proper result; our role is not to determine what reasons may have guided the trial court in making its judgment. *Ederle v. Ederle,* 741 S.W.2d 883, 885 (Mo.App., E.D.1987). The Missouri Supreme Court has ruled that a correct decision will not be disturbed because the trial court gave a wrong or insufficient reason for its judgment. *Id.* citing *Edgar v. Fitzpatrick,* 377 S.W.2d 314, 318 (Mo. banc 1964).

The incident giving rise to appellant's alleged injuries and damages occurred on February 13, 1985. The party whom appellant was doubtless trying to sue, Fred Hudson, Sr., had been dead thirty-six days at the time of the accident. Thus, appellant's action could not be maintained against Fred Hudson, Sr. for several reasons.

■ First, appellant asserts respondent is vicariously liable for her injuries because the truck from which the tire fell was operated by respondent's "agent, servant and employee." At the time of the accident giving rise to the instant litigation, respondent was dead, and could therefore have neither agents, servants nor employees. The principal-agent relationship, which also characterizes the master-servant and employer-employee relationships, is terminated by death. *Ridenour v. Duncan,* 291 S.W.2d 900, 905–906 (Mo.1956); *Holliday v. Clark,* 110 S.W.2d 1110, 1111 (Mo.1937). We also note that appellant's

petition alleges no specific act or omission by the driver of the truck.

■ Second, we note that appellant's petition is premised on the doctrine of *res ipsa loquitur.* For this to apply, the alleged tortfeasor must, *inter alia,* have had control or the right of control over the instrumentality causing the injury. *Furlong v. Stokes,* 427 S.W.2d 513, 517 (Mo. 1968). Appellant cannot possibly recover, because respondent was dead, making his control over the truck an impossible feat.

■ Third, as a decedent, Fred Hudson, Sr. can hold no property. Legal title to the personal property of a decedent passes primarily to his executor or administrator, from whom the heirs or legatees receive it through the process of administration. *Estate of Nowell,* 607 S.W.2d 792, 795 (Mo.App., W.D.1980). Title to a decedent's real property, whether testate or intestate, vests directly in his heirs. *In re Estate of Schnur,* 485 S.W.2d 682, 688 (Mo.App., St.L.D.1972) (testate decedent); *Hill v. Morrison,* 436 S.W.2d 255, 256 (Mo. App., Spfd. Ct.App., 1969) (intestate decedent). Therefore, even if appellant had named the correct party, which she did not, she could not recover because the party had ceased being a legal entity thirty-six days before the right of action accrued.

■ A fourth reason for upholding the trial court is provided by Rule 52.13(a)(1):

> If a party dies and the claim is not thereby extinguished, the court may, upon motion, order substitution of the proper parties.

This Rule apparently applies when a claim accrues and *then* a party dies. These two events were reversed in the instant case; the potential party died first, and appellant was injured thirty-six days later. Rule 52.13 is inapplicable in such a case. The Rule was intended to deal only with the former situation. Applying it to the latter could well create situations the Rule was never intended to cover.

■ Appellant also relies on RSMo § 537.021.1 (1986), which provides, in relevant part:

The *existence* of a cause of action ... which action survives the death of the wrongdoer ... shall authorize and require the appointment by a probate division of the circuit court of: ... (2) ... a defendant *ad litem.* (emphasis ours).

Like Rule 52.13, this statute also applies when a cause of action accrues first, and the party dies afterward. The statute, therefore, does not apply to the facts before us.

For the above reasons, the judgment of the trial court must stand. Appellant cannot be allowed to maintain an action which should never have been permitted in the first place. Any lack of standing claim against the respondents is therefore moot. The order of the trial court setting aside the appointment of a defendant *ad litem* is affirmed.

REINHARD, P.J., and KAROHL, J., concur.