J. W. CULLAR, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, April 30, 1900.**

1. **Husband and Wife: DAMAGES: WIFE'S SOCIETY.** A husband can not recover damages for the suffering of his wife yet the society of a wife suffering from an injury wrongfully inflicted is not necessarily the sort of society to which he is entitled and the husband may recover for such social loss.

2. ——: ——: DOMESTIC SERVICE: STATUTE. The statute enlarging the property and contractual rights of married women does not alter the husband's rights to recover the loss of the wife's domestic service occasioned by a wrongfully inflicted injury.

3. **Damages: ALLEGATA ET PROBATA: VERDICT: REMITTITUR.** A petition alleged an expenditure of $250 for medical aid and nursing. The evidence showed only $50, a verdict found $200 in addition to the $50. Held, it must be remitted.

Appeal from the Jackson Circuit Court.—*Hon. James Gibson*, Judge.

AFFIRMED *si*.

*Geo. P. B. Jackson* for appellant.

(1) The court erred in admitting, over defendant's objection, evidence concerning the sufferings of plaintiff's wife. (Rec., pp. 16, 32 and 33.) The wife's suffering was compensated for in her suit, and had nothing to do with the husband's case. All he was entitled to recover was what he had expended, and compensation for his loss of that which he was entitled to. If she didn't suffer at all, he was entitled to full compensation, and he was entitled to no more, if she suffered intensely. Thompson v. Railroad, 135 Mo. 217; Hooper v. Haskell, 56 Me. 251. (2) The court erred in in-

structing the jury on the measure of damages. Plaintiff's third instruction authorized a recovery by plaintiff for the loss of the services of his wife—to which he was not entitled, and also for what the jury might, by way of speculation, suppose he might in the future expend for medical attention, etc. It was error to give such instructions. R. S. 1899, sec. 6869; Brooks v. Schwerin, 54 N. Y. 343; Furnish v. Railroad, 102 Mo. 669. (3) The verdict and judgment are excessive, being for the full amount sued for, including $250 for medical aid and nursing, while the evidence only showed $50.00.

*R. J. Ingraham, Rozzelle & Walsh* and *John G. Park* for respondent.

(1) A husband, when his wife is injured by the negligence of another, has the right to recover for the loss of her service and society, occasioned by the injuries. Blair v. Railroad, 89 Mo. 334. Hence, inasmuch as it is undeniable, that such service and society could be affected and damaged by suffering, it is manifestly proper to show such matter to the jury in order that they may determine to what extent the husband was deprived of such service and society. Furnish v. Railroad, 102 Mo. 669, 676. The court, in passing on the admissibility of the testimony, limited its scope to this and made it clear to what extent and for what purpose the jury might consider it. And by defendant's instruction 13 he carefully directed the minds of the jury to the proper facts for their consideration. (2) Counsel for appellant complain that instruction number 3 (for plaintiff), permitted a recovery for plaintiff's loss of the service of his wife, but he fails to point out why a husband is not entitled to recover for the loss of such service. That plaintiff did lose the services by reason of the injury will certainly not be denied. Medical services rendered an injured wife are a charge

against the husband, and he may recover therefor. McLean v. Kansas City, 81 Mo. App. 72; Furnish v. Railroad, 102 Mo. 669, 667; Brown v. Railroad, 31 Mo. App. 661. When the injury is shown to be permanent, prospective damages are recoverable. Gorham v. Railway, 113 Mo. 408; Rosenkranz v. Railroad, 108 Mo. 9; Barr v. Kansas City, 121 Mo. 22, 30; Bigelow v. Railroad, 48 Mo. App. 367. (3) An averment of special damages for $250 for medical services rendered plaintiff's wife was made, and the general damages were laid at $1,999. The proof showed $50 expended for medical services. The office of the averment of special damages is to notify defendant so it would not be surprised by the proof. In other words, the averment of $1,999 damages, generally stated, will uphold a verdict for that amount regardless of whether plaintiff made any proof at all under the averment of special damages. Shultz v. Railroad, 46 N. Y. Super. Ct. 214; s. c., 89 N. Y. 242, 247; Kenney v. Collier, 79 Ga. 743; Smith v. Thomas, 2 Bing. N. C. 372, 380; 29 E. C. L. 362.

ELLISON, J.—This action is for the loss of the service and the society of plaintiff's wife who was injured in getting off of one of defendant's cars at a station called Harwood. The plaintiff recovered.

This case was submitted with one brought by the wife for injuries in the same accident and decided by us at this term. Much of what we said in that case as to the accident and its cause, and of the conduct of the trial with the court's ruling on the instructions, is applicable to this case and we refer to that case for a fuller understanding of this.

The measure of damages in the two cases is different. In actions of this nature, where a married woman has been hurt, the whole damage resulting from the accident does not go to the wife. The loss of domestic service and costs of medical attention are not allowed to her for these belong to

the husband, who, in addition, may recover for the loss of the society of the wife. In answer to questions from defendant's counsel plaintiff, while a witness, had stated about the inability of his wife to go about to different places with him. Counsel then asked him this question: "If you wanted simply to be with her you were not deprived of her society, because she was at home all the time?" The tendency of this was to show that since they were not able to go out much together, yet he was not deprived of her society since he would be with her at home all the time. In response to this, as stated at the time, plaintiff's counsel asked if she was not all the time suffering more or less? Now, while the husband can not be allowed to recover damages for the suffering of his wife (since that is an element of damage belonging to her) yet the fact that she is suffering and perhaps an invalid wife tends to explain that her mere presence with him is not necessarily the sort of society to which he is entitled. The society of a wife who is suffering from constant pain caused by an injury wrongfully inflicted, is not so pleasant or beneficial as the society of a healthful and uncomplaining wife. In such instance there is a social loss. One may be deprived of the society of another in greater or less degree though they be in each other's presence. We rule the point against defendant.

An argument is advanced by defendant concerning what might be considered as elements of damage where the wife is engaged in some other capacity than the domestic service of the family. The argument is based on our statute securing to a married woman the product of her separate labor, and whatever sum grows out of the violation of her personal rights. Secs. 6869, 6864, R. S. 1889. The following decisions from other states are cited in support and illustration of the point. Brooks v. Schwerin, 54 N. Y. 343; Filer v. Railway, 49 N. Y. 47; Blaechinska v. Howard Mission, 130 N. Y. 497; London v. Cunningham, 20 N. Y. S.

882; Hamilton v. Railway, 17 Mont. 334; Fife v. City of Oshkosh, 89 Wis. 540; Harmon v. Railway Co., 165 Mass. 100. But in our opinion the statutes of this state enlarging the property and contractual rights of married women do not alter the right of the husband to the value of her domestic service.

In instances where she had been performing other labor, or pursuing other business, the husband would not be entitled to the earnings thereof and therefore their loss would not be his and she should recover therefor in her own right. But in this case there is no evidence of plaintiff being engaged in any other labor than household duties and plaintiff is entitled to recover for the loss. It is true that being emancipated in matters of business by the statute aforesaid, a married woman engaged in the domestic service of the household could at any time go into business for herself, the earnings and profits of which would be hers in her own right. But we think that no thought of this kind could have occurred to the jury since, besides her age of 69 years, the evidence related solely to her household work. It would be wholly beyond reason to say that the jury considered and gave to this plaintiff what she might in the future earn in some independent business.

In Plummer v. Milan, 70 Mo. App. 598, we decided that even where the wife did outside work over and above domestic or household labor, it appearing that it was an effort to aid the husband in supporting the family, the value of such service, in an action by her for personal injury, was the husband's and the loss was his and should not be allowed to her.

The petition claimed damages in these words: "That plaintiff has been compelled to expend money for medical aid and nursing, viz.: two hundred and fifty ($250) dollars for his wife; has been deprived of her society, assistance and services; that by reason of the premises he has been damaged

in the sum of nineteen hundred and ninety-nine dollars ($1,999.00) for which and costs he asks judgment." The evidence showed only an expenditure of $50, and the verdict was for the total sum claimed of $1,999. This was excessive, since it necessarily included $200 for medical aid, etc., which was not proved. If plaintiff will remit $200 within ten days the judgment will be affirmed; otherwise, it will be reversed and the cause remanded. *Smith, P. J.*, concurs; *Gill, J.*, absent.