John W. KILLIAN, Plaintiff (Appellant),

v.

**WHEELOC ENGINEERING COMPANY,**
a Corporation, Defendant (Respondent).

No. 50063.

Supreme Court of Missouri,

Division No. 2.

March 9, 1964.

---

Gray, Sommers & Jeans, Don B. Sommers, St. Louis, for plaintiff (appellant).

John J. Cole, Heneghan, Roberts & Cole, St. Louis, for defendant (respondent).

BARRETT, Commissioner.

John W. Killian, a laborer employed by a general contractor, claimed to have been injured when he stepped from a homemade ladder into a pile of metal duct work left on the basement floor of a house under construction. Killian's employer, the B & F Construction Company, was the general contractor engaged in building three to four hundred houses of almost identical dimensions in Larimore Hills Subdivision. According to Killian the pieces of tin were left at the foot of the ladder by a tinner employed by a subcontractor, the respondent, Wheeloc Engineering Company, who had the contract to install the furnaces and duct work in all the houses. When the case was previously appealed it was

held upon evidence substantially identical with the proof adduced upon this trial that the respondent's negligence and liability and the plaintiff's contributory negligence and hence the respondent's non-liability were both jury questions. Killian v. Wheeloc Engineering Co., Mo., 350 S.W. 2d 759. Upon the submission of his cause in this the second trial a jury returned a verdict in favor of the respondent subcontractor and after the overruling of his motion for a new trial the plaintiff has appealed. And the essentially meritorious question is whether the giving of instruction 8 which submitted the plaintiff's contributory negligence was manifestly erroneous and prejudicial and demands the granting of another trial by this court.

Italicizing the language complained of as making the instruction prejudicially erroneous this is the clause complained of:

"(A)nd if you further find that such negligence on plaintiff's part *caused or contributed in any way to cause* his alleged injuries, then your verdict shall be in favor of defendant, Wheeloc Engineering Company, and this is so even though you should also find said defendant was negligent under the evidence and instructions of this Court."

The complaint is that in omitting either the words "directly" or "proximately" preceding the italicized phrase there is a failure to require "the jury to find that negligence of the defendant (sic) either directly or proximately caused or contributed to his accident." Therefore, it is contended, the instruction "allows the jury to find remote negligence on the part of the plaintiff, as a bar to his recovery."

■ It is a general principle that verdict directing instructions must require a finding not only that the negligence or contributory negligence relied on was a cause but that it was a direct and proximate cause of the injury. Creech v. Blackwell, Mo., 318 S.W.2d 342; Waldrip v. American Buslines, Inc., Mo., 327 S.W.2d 211. And in general the function of the words "directly" or "proximately" in an instruction submitting contributory negligence is to exclude from the jury's consideration some remote act as a contributing factor and to require if not compel a finding of causal connection between the negligent act relied on and the injury. Knox v. Weathers, 363 Mo. 1167, 257 S.W.2d 912; Young v. Kansas City Public Service Co., Mo., 270 S.W.2d 788. There is no magic, however, in either of the terms even though their use has been recommended as a means of avoiding criticism and possible misinterpretation. Creech v. Blackwell, supra. When these or synonymous terms are omitted from contributory negligence instructions the problem is whether "the implication of causation" has been improperly weakened (Annotation 102 A.L.R. 411, 412) and degrees or percentages of negligent conduct submitted. Annotation 87 A.L.R.2d 1391, 1442–1443. But in this connection it is obvious that the language of instruction 8, "caused or contributed in any way to cause," is not comparable to the phrase *"concurred in any degree, however slight"* in one of the three contributory negligence instructions in Danner v. Weinreich, Mo., 323 S.W.2d 746, 751. See also Perkins v. Kansas City Southern Ry. Co., 329 Mo. 1190, 49 S.W.2d 103.

■ There is another recognized modification, sometimes called an exception to the rule, to the requirement of employing the terms "directly" or "proximately" to denote the finding of causal connection; "(i)f an instruction on contributory negligence requires the finding of negligent acts which, in the nature of things, necessarily contributed directly to cause the injury and necessarily formed a part of the efficient cause thereof, then the instruction cannot be held erroneous because it does not require the jury to draw the inference which the law itself draws therefrom." Carr v. City of St. Joseph, Mo., 225 S.W. 922, 923; Creech v. Blackwell, supra; Young v. Kansas City, supra. It is not claimed here that there was no factual basis for

the hypothesis of instruction 8 which in terms is almost a direct converse or negation of the plaintiff's submission of the defendant's liability. Insofar as material here the principal instruction submitted that while in the exercise of due care for his own safety Killian descended the ladder into the basement, that "a piece of metal duct was situated in close and dangerous proximity to the base of said ladder and that the plaintiff stepped off of the ladder at the bottom thereof and that his right leg came into contact with and struck said piece of duct work and that plaintiff was thereby injured" and defendant should have known of the hazard he, plaintiff, was entitled to recover. As constituting contributory negligence and in effect conversely instruction 8 said that if the jury found that as Killian "descended the ladder on the occasion mentioned in evidence, there was sufficient natural light to readily reveal the basement floor and pieces of building materials lying thereon  *  *  *  and  *  *  *  that after plaintiff started down said ladder, and before he started to step off of it, he failed to look at the floor close to the bottom of the ladder  *  *  *  and  *  *  *  that in so failing to look, under the circumstances, plaintiff did not exercise ordinary care for his own safety and well being, then you are instructed that plaintiff was negligent, *and if you further find that such negligence on plaintiff's part caused or contributed in any way to cause his alleged injuries*" he could not recover. Thus there was here involved the simplest of issues of negligence and contributory negligence, negligently leaving pieces of metal duct on the floor near the ladder and failure of the plaintiff to look as he descended and stepped from the ladder. Plainly there was no possibility of any other act of negligence, remote or near, that could enter into the jury's consideration as either a cause or contributing cause of the plaintiff's injuries. White v. United Railways Co., 250 Mo. 476, 157 S.W. 593.

■ The case nearest in point factually is Barr v. Missouri Pacific R. Co., Mo.,

37 S.W.2d 927. There a motorman alighted from a streetcar to look for trains and was injured, as he alleged, by reason of the fact "that defendant carelessly and negligently placed small stones, rock, and debris on the traveled portion of Gravois avenue near the safety zone, making it dangerous to persons walking thereon." On behalf of the defendant an instruction informed the jury that if it found that plaintiff "saw, or by the exercise of ordinary care on his part could have seen such stone, rock and debris in time to avoid stepping thereon or collision therewith,  *  *  *  then your verdict must be for the defendant." An order granting plaintiff a new trial was affirmed but as to this instruction the court said: "The instruction under consideration simply told the jury that, if plaintiff, by the exercise of ordinary care, could have avoided stepping thereon, then plaintiff is not entitled to recover. The instruction requires the jury to find plaintiff guilty of acts or omissions that must as a matter of necessity have directly contributed to the injury. That is sufficient." More to the point insofar as any point of substantive law may be involved is Roeslein v. Chicago & E. I. R. Co., Mo., 214 S.W.2d 13, a railroad crossing case in which the defendant submitted as contributory negligence the hypothesis of plaintiff's failure to see the approaching train in time to avoid a collision and "that such negligence, if any, on plaintiff's part *contributed to the cause of his injury.*" In holding that the instruction was not prejudicially erroneous this division of the court said, "We think it plain enough that these instructions required the jury to find specific facts which, from their nature, not only constituted negligence, but which, if found, also contributed to cause plaintiff's injury."

■ There is another assignment that the court erred in giving instruction 14, but "the citation of authorities" (Sup.Ct. Rule 83.05, V.A.M.R.) by both parties "Mo. Dig., Trial, Sec. 252(1) and cases cited" is less than helpful. Then too it appears that instruction 14 had to do with the award of

damages, a problem the jury did not reach, and therefore the giving of the instruction could not have been prejudicial to the appellant. Dryden v. St. Louis Public Service Co., Mo., 264 S.W.2d 329, 332; Scott v. Gray, Mo., 337 S.W.2d 38, 43.

For the reasons indicated, in this most elemental and twice-tried action, instruction 8 was not prejudicially erroneous to the plaintiff and the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the judges concur.