Victor TAKE, Plaintiff-Respondent,

v.

Evelyn ORTH, Defendant-Appellant.

No. 31641.

St. Louis Court of Appeals.

Missouri.

Sept. 21, 1965.

Carter, Bull, Baer, Presberg, Lee & Stanard, William K. Stanard II, Richard O. Funsch, St. Louis, for defendant-appellant.

Gregg W. Keegan, John E. Bardgett, St. Louis, for plaintiff-respondent.

DOUGLAS W. GREENE, Special Judge.

Plaintiff, hereinafter referred to as respondent, filed suit in the Circuit Court of the City of St. Louis, Missouri, seeking recovery in the amount of $5,000 for damages he allegedly sustained as a result of his wife being hit on the head by a golf ball. The case was tried before a jury, which returned a verdict for defendant, hereinafter referred to as appellant. The trial court, on motion, granted a new trial. From the order granting such new trial, appellant has filed her appeal.

The accident which gave rise to this litigation occurred on April 26, 1961. Respondent's evidence was that Mary Jane Take, the wife of respondent, was playing golf at the Westborough Country Club in a twosome. Her partner was a Mrs. Chipps. Mrs. Take and Mrs. Chipps were playing hole number seventeen. It was a clear and bright day. To play the seventeenth hole, you drive across a creek and up a hill south towards the green. Immediately west of the seventeenth hole is the fourteenth hole. The fourteenth hole runs from south to the north. Immediately west of the fourteenth hole is out of bounds.

Mrs. Take teed off on seventeen, and had an excellent drive, which went across the creek and halfway up the hill. Mrs. Chipps wasn't so fortunate, and hit her ball in the creek, a by no means uncommon occurrence for golfers of both sexes who do not make their living at the game, as is the case here. Mrs. Take went with Mrs. Chipps to look for the ball. Mrs. Take walked along the bank on the north side of the creek in a westerly direction to a point west of a large tree, which was located in the rough on the east edge of the fourteenth fairway, where she stopped. They could not find the ball.

Another group of ladies were on the seventeenth tee waiting to tee off, so Mrs. Take and Mrs. Chipps moved their golf cart and parked it under the tree, and motioned to the group on the seventeenth tee to play through. Mrs. Take was facing north, with her back to the fourteenth tee. People were on the fourteenth green finishing play on that hole. Mrs. Orth, the appellant, and her companion, Mrs. Rinehart, were on the fourteenth tee waiting to shoot. The players on the fourteenth green either waved to Mrs. Orth to shoot, or else were leaving the green. Mrs. Take saw Mrs. Orth and her companion approach the fourteenth tee before she turned to watch the players teeing off on seventeen, but didn't think they would shoot while she was standing within range. Fourteen is a par three hole with a distance of only one hundred eighty-three yards.

Mrs. Orth teed up her ball and drove it toward the fourteenth green. She stated she did not see Mrs. Take before she shot. It was a good drive. After Mrs. Orth shot, she looked up, saw Mrs. Take, and screamed "fore," which is the call that golfers use to warn other persons on the course. Mrs. Take didn't hear the warning, as power mowers were operating nearby, and was struck on the back of the head by the ball. Mrs. Orth stated that when she first saw Mrs. Take, that Mrs. Take had her back to Mrs. Orth. Mrs. Orth had been playing golf for nine years, and was an experienced player. She identified a place on a photograph, which was admitted into evidence as plaintiff's exhibit one, as the spot where Mrs. Take was standing when she was struck. The spot was marked by a pin hole and by Mrs. Orth's initials. This spot is some distance to the west of the large tree heretofore mentioned, and near the east edge of the fourteenth fairway. There are no obstructions between the fourteenth tee and the spot where Mrs. Take was standing, and a person standing in that spot could easily be seen from the fourteenth tee. Mr. James Manion, a veteran golfer, testified that if Mrs. Take had waved to golfers on

the seventeenth tee to play through, that she would be watching the seventeenth tee and would have her back to the fourteenth tee. Mr. Manion also testfied that if there was a person on the course, with their back toward a tee, the persons on the tee should not shoot until the person moved out of the way, or until they were warned, and were aware of the warning. It was only about one hundred to one hundred twenty yards from the fourteenth tee to the place where Mrs. Take was standing when she was hit.

After Mrs. Take was struck, she was taken to the clubhouse. She was bleeding from the head. She was taken to the hospital where a laceration on her head was sutured. Her injuries were diagnosed by her doctor as a laceration and contusion of the scalp with a small underlying skull fracture, and her injuries were attributed to the incident in question. She then went to Dr. Wyatt in Kirkwood for X-rays and treatment. Mrs. Take was in bed for about two weeks and under treatment for six months. She had headaches for several months after the accident, and also dizzy spells. The headaches and dizziness made it impossible for her to do the housework and take care of the children. On many occasions when this occurred, her husband and a hired girl did the housework, and the respondent was deprived of the services and society of his wife during such periods.

Rule 3 in the Rules of Golf of the United States Golf Association on page one, section one, which establishes customs and practices for golfers, states that no player should play, until the players in front are out of range.

Appellant's testimony, in brief, was as follows. Mrs. Orth stated she was standing on the fourteenth tee with Mrs. Rinehart waiting for people to leave the fourteenth green. She stated the players left the fourteenth green and she prepared to drive. She saw no one ahead except some men working down near the creek. She looked to the left and right, at the area where Mrs. Take was standing when she was struck, but saw no

one. She hit the ball, and after she hit it, she saw Mrs. Take walking around the tree with her back toward Mrs. Orth. Mrs. Orth yelled "fore" as did Mrs. Rinehart, but to no avail. Mrs. Orth was familiar with the golf rule previously stated. She said if she had seen Mrs. Take before she hit the ball that she would not have hit the ball.

According to the caddy for Mrs. Orth, Mrs. Take was about ten feet west of the tree in question when she was hit. Mrs. Orth was on the tee for several minutes before she hit the ball.

In rebuttal, Mrs. Take said she had stood in the same spot for a minute or more before she was hit.

At the close of all the evidence, the jury was instructed.

Among said instructions were instructions numbered 6 and 9, which were submitted by appellants, and given by the court, over the objections of the respondent.

Instruction No. 6 reads as follows:

"The Court instructs the jury that on the occasion mentioned in evidence the plaintiff's wife was at all times under a duty to exercise ordinary care for her own safety, and 'ordinary care' as used herein is that care which an ordinarily careful and prudent person would exercise under the same or similar circumstances, and a failure on her part to exercise such care would be negligence.

"You are further instructed that if you find and believe from the evidence that on the occasion mentioned therein the plaintiff's wife failed to use ordinary care in leaving the 17th fairway and standing or walking in the rough of the 14th hole, if you so find, and if you further find that she saw golfers on the 14th tee and knew that one or more of them might drive a ball toward her, and that she knew that she was in a position where there was a likelihood of her being struck by such a ball, if you so find, and if you further find that in so standing or walking she failed to use

ordinary care to keep a lookout for a ball being so driven from the 14th tee, and if you find that in so failing the plaintiff's wife was negligent, and that such negligence, if any, directly contributed to cause her injury, if any, then you are instructed that the plaintiff may not recover, and your verdict must be in favor of the defendant, Evelyn Orth."

Instruction No. 9 reads as follows:

"The Court instructs the jury that this law suit is brought by Mr. Take alone, and not by his wife, and if you should find the issues in favor of the plaintiff, in assessing his damages, if any, you must not take into consideration any pain or suffering of his wife, Mrs. Take."

The jury, in a unanimous verdict, found the issues in favor of appellant.

Respondent filed a motion for a new trial, contending, among other things, that the court erred in giving and reading to the jury instructions numbered 6 and 9. Respondent's allegations as to the errors in instruction 6 were many, covering 5 full pages in the transcript. Boiled down and stripped of legal verbiage the main complaint was that the instruction did not hypothesize certain relevant facts, such as the players driving on the seventeenth tee and the players on or leaving the fourteenth green, and failed to require a finding that Mrs. Take knew, or should have known that, it was reasonably probable that a golf ball would be driven in her direction from the fourteenth tee while she was standing there; that the instruction assumed facts not in evidence, and was confusing and misleading.

Respondent's complaint as to instruction No. 9 was that pain and suffering of his wife were proper elements for the jury to consider for the reason that they were the cause of her disability and his loss of her services.

The trial court agreed, and granted a new trial on the grounds that the court erred in giving instructions 6 and 9 and set aside the verdict and judgment. From such order defendant appealed.

Appellant first urges that even if the court did err in giving instructions numbered 6 and 9, such error, if any, was harmless, as respondent failed to make a submissible case. Under the proper facts this would be true. Komeshak v. Missouri Petroleum Products Co., Mo.App., 314 S.W.2d 263.

■ However, in determining whether the plaintiff made a submissible case in the trial court, the appellate court views the evidence in the light most favorable to the plaintiff, giving the plaintiff the benefit of all favorable inferences arising therefrom, and disregarding all contrary evidence. Capriglione v. Southwestern Bell Telephone Co., Mo., 376 S.W.2d 205; Fennell v. Illinois Central Railway Co., Mo. App., 383 S.W.2d 301.

Applying the foregoing principle of law to the facts of the present case, we are of the opinion that plaintiff made a submissible case.

■ A person who is about to strike a golf ball must use ordinary care to warn those within range of the intended flight or the general direction of the drive, and the existence of such duty to warn must be determined by the facts of each case. Hoffman v. Polsky, Mo., 386 S.W.2d 376.

■ Respondent's evidence was that his wife was in a position where she had a right to be; that her back was to the fourteenth tee; that she was within range of an intended drive from said tee; that appellant saw, or could have seen her; that she was unaware that a ball would be driven from the tee at that time, and had no reason to believe that it would, and that appellant failed to warn her that she was going to drive. Such evidence entitled her to go to the jury, and we must therefore decide whether instructions numbers 6 and 9 were prejudicially erroneous.

■ In considering possible error in said instructions, the reviewing court will defer to the trial courts ruling granting a new trial on the theory that such instructions were erroneous, unless the trial court abused its discretionary power in this regard. Stone v. Engler, Mo., 349 S.W.2d 38; Edie v. Carlin, Mo.App., 369 S.W.2d 610.

■ If such instruction is unsupported by the evidence, fails to hypothesize relevant facts, and may have been confusing and misleading, the giving of such instruction will justify the granting of a new trial. Feld v. Frankel, Mo., 351 S.W.2d 755. Treon v. City of Hamilton, Mo., 363 S.W.2d 704.

■ Instruction No. 6, as previously set out in this opinion, was a verdict directing instruction on the issue of respondent's wife's contributory negligence. Such an instruction must require the finding of all essential fact issues necessary to establish the legal proposition upon which the right to it is based. Shaffer v. Sunray Mid-Continent Oil Company, Mo., 336 S.W.2d 102.

Instruction No. 6 states in its second paragraph, clause one, "that if you find and believe from the evidence that on the occasion mentioned therein the plaintiff's wife failed to use ordinary care in leaving the seventeenth fairway and standing in or walking in the rough of the fourteenth hole." No facts are hypothesized upon which any finding of negligence in so doing could be based. Respondent's wife had a right to be on the course, and a right to help her golfing partner to look for her lost ball. In so doing, she had a right to proceed to the area where she was standing when she was struck. No rule or custom of golf is present in the record to indicate otherwise. If the evidence had been that Mrs. Take saw, or could have seen, Mrs. Orth on the fourteenth tee making preparations to drive, and had consciously walked into the line of intended flight of the ball

while Mrs. Orth was making her shot, there might be some substance to appellant's argument. Such was not the case, and even if it were, no such facts were set out in the instruction.

The next clause of the instruction states that "if you further find that she saw golfers on the fourteenth tee and knew that one or more of them might drive a ball toward her * * *." There is no evidence that Mrs. Take saw golfers on the fourteenth tee making preparations to drive, or that she knew that one or more of them might drive a ball toward her. In fact, the evidence is to the contrary. The evidence was that she saw golfers approaching the fourteenth tee, but they weren't ready to drive off. This was at a time when she was standing in the spot where she was struck. Appellant's evidence on this point was that Mrs. Take's back was to her at all times. In addition, there was evidence of a custom or rule of golf that if a person is in front of and within range of a person about to strike a ball that no player should strike the ball until the person in front was out of range or had heard a warning that the person was about to strike the ball.

Mrs. Take said she relied on that custom, and appellant, a golfer of considerable experience, having played for nine years was aware of this rule. There is no evidence in the record that would support a finding that Mrs. Take knew a golfer on the fourteenth tee would drive a ball toward her at that time.

The fourth clause of the same paragraph of said instruction states, "And if you further find that in so standing or walking she failed to use ordinary care to keep a lookout for a ball being so driven from the fourteenth tee * * *."

The words "in so standing or walking" have nothing to do with any alleged failure to keep a lookout and are confusing and vague.

■ Instruction No. 6 failed to hypothesize facts by which a jury could find Mrs. Take guilty of negligence for leaving the seventeenth fairway and proceeding to the fourteenth rough, asked the jury to assume facts not in evidence, such as that Mrs. Take saw golfers on the fourteenth tee and knew that one or more of them might drive a ball toward her, and was confusing and misleading.

We hold that the instruction in question was calculated to mislead the jury, as they might find and believe from it that Mrs. Take could not recover merely because she was in the rough of the fourteenth hole looking for a lost ball. This injected a false issue into the case, and was prejudicially erroneous. Karch v. Stewart, Mo., 315 S.W.2d 131, 137, Shaffer v. Sunray Mid-Continent Oil Co., supra, 336 S.W. 2d 1. c. 107.

Instruction No. 9 was a withdrawal instruction offered by appellant and given by the court. This instruction told the jury that if they found for the plaintiff, in assessing his damages, if any, they must not take into consideration any pain and suffering of his wife.

■ As this instruction was a measure of damages instruction, and did not instruct on liability, any error therein would not become applicable, unless the jury found for the plaintiff, which was not the case here. Where there is a defendant's verdict, the giving of an instruction having to do with an award of damages could not have been prejudicial. Killian v. Wheeloc Engineering Company, Mo., 376 S.W.2d 147.

However, on retrial, this issue will again be presented, so we deem it proper to make a brief comment on the propriety of the instruction in question.

■ It is elemental that a negligent personal injury to a married woman gives rise to two independent causes of action, one for the wife for injuries to her person, her pain and suffering, and disability, and one for the husband for expenses in treating his wife's injuries, and for the loss of her services, society, and companionship. Rea v. Feeback, Mo., 244 S.W.2d 1017.

■ The husband's claim for expenses, and loss of services, on account of personal injuries to the wife, arises out of, and is based directly on the wife's personal injuries, which includes her pain and suffering. State ex rel. St. Louis Public Service Co. v. McMullan, Mo., 297 S.W.2d 431, 62 A.L.R.2d 1281, and the husband is entitled to introduce evidence of such pain and suffering, if he does it to show that as a result of such condition he has been or will be deprived of her services and society. Cullar v. Missouri, K. and T. Ry. Co., 84 Mo.App. 347.

The case will be retried under the Missouri Approved Jury Instructions. Sup.Ct. Order and Rules 70.01 and 70.02, V.A.M.R.

The measure of damage instruction is M.A.I. 4.01, which is a short and simple instruction. During the instruction conference, the parties and the court should discuss what damages are supported by the evidence, and can properly be argued to the jury.

Any withdrawal instruction, such as M.A.I. 30.01, should not raise a false issue in the mind of the jury by removing the issue of the wife's pain and suffering from the case. It is a proper issue, insofar as it is shown that the husband has been deprived of her services and society by reason thereof.

For the foregoing reasons we find no error in the action of the trial court in granting a new trial.

The order of the trial court granting plaintiff (respondent) a new trial is affirmed.

WOLFE, P. J., and ANDERSON, J., concur.

RUDDY, J., not participating.