**Marie SPERRY and Lawrence Sperry, Appellants,**

v.

**William J. HUSE, II, M.D., and Dr. Miller Obstetricians and Gynecologists Assoc., Inc., and St. Joseph Hospital of Kansas City, Missouri, Respondents.**

**No. WD 37938.**

Missouri Court of Appeals, Western District.

Feb. 24, 1987.

Ernest H. Fremont, Jr. and Jerry K. Rodriguez (Popham, Conway, Sweeny, Fremont & Bundschu, of counsel), Kansas City, for appellants.

Penni L. Johnson and Patricia M. Peters (Blackwell, Sanders, Matheny, Weary & Lombardi, of counsel), Kansas City, for respondents.

Before PRITCHARD, P.J., and MANFORD and BERREY, JJ.

PRITCHARD, Presiding Judge.

Appellants brought this medical malpractice action against respondents for the wrongful death of their infant son which occurred at the time the mother was giving birth. The defendant, St. Joseph Hospital, was released prior to trial.

For appellants, the case was submitted to the jury on Instruction No. 4:

"Your verdict must be for plaintiffs and you must assess a percentage of fault to the defendants, if you believe:

First, plaintiffs were the parents of William Sperry; and

Second, defendant, William Huse, II, M.D., failed to timely deliver the baby; and

Third, defendant, William Huse, II, M.D., was thereby negligent; and

Fourth, as a direct result of such negligence, plaintiffs child died."

Appellants' expert witness testified that delivery should have occurred ten to fourteen days prior to the date delivery was performed and that delivery on March 9, 1981, was below acceptable medical standards under the circumstances of Mrs. Sperry's pregnancy-related problems and her high-risk classification. Respondents' expert witness testified that death was caused by a cord accident.

The sole issue presented is the propriety of the trial court's giving of Instruction No. 6, which is:

"You must assess a percentage of fault to the plaintiffs if you believe:

First, plaintiffs knew of the significance of reduced fetal movement in the pregnancy; and

Second, plaintiffs failed to inform defendant William Huse, II, M.D. of reduced fetal movement on the day and night before the delivery of William Sperry; and

Third, that plaintiffs were thereby negligent; and

Fourth, such negligence of the plaintiffs caused or directly contributed to cause the death of William Sperry."

The jury returned Verdict A, which had the instruction: "Note: Complete this form by writing in the name required by your verdict: On the claim of plaintiffs Marie and Lawrence Sperry against defendants William Huse, II, M.D. and Dr. Miller, Obstetricians and Gynecologists Associates, Inc., we the undersigned jurors find in favor of: Wm Huse, II, M.D. & Dr. Miller OB GYN Assoc. Inc." The verdict then had the following: "Note: Complete the following paragraphs only if the above finding is in favor of plaintiffs". Nothing was filled in following the note, and of course, no percentage of fault was assessed. The verdict was signed by all twelve members of the jury.

It is clear from the jury's verdict in favor of respondents that it found against the assigned ground of negligence contained in Instruction No. 4: that "William Huse II, M.D. failed to timely deliver the baby". There was no finding for appellants, and lacking that finding, there was no basis to apportion the fault of the parties. Apportionment could only relate to the issue of damages, which by reason of the verdict for respondents was never reached by the jury. Any error in giving Instruction No. 6 as to appellants' negligence in failing to inform Dr. Huse of reduced fetal movement was rendered harmless. Among the many cases holding that an erroneous instruction on damages where that issue is

not reached is harmless and nonprejudicial are: *Koenig v. Skaggs,* 400 S.W.2d 63, 68[5, 6] (Mo.1966); *Miller v. Gulf, Mobile & Ohio Railroad Company,* 386 S.W.2d 97, 103 (Mo.1964); *Terry v. Boss Hotels, Inc.,* 376 S.W.2d 239, 247[14] (Mo.1964); *Killian v. Wheeloc Engineering Co.,* 376 S.W.2d 147, 149[3] (Mo.1964); *Take v. Orth,* 395 S.W.2d 270 (Mo.App.1965); and *Sciortino v. MacGee,* 633 S.W.2d 134, 137[7] (Mo.App.1982). It would be purely speculation to assume that the jury found for respondents on any basis other than the submission of Instruction No. 4.

The judgment is affirmed.

All concur.